Affirmed and Memorandum Opinion filed August 15, 2006








Affirmed and Memorandum Opinion filed August 15, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00387-CR

____________

 

MICHAEL MANOR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 47,454

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Michael Manor, was convicted by a jury of
possessing a cellular telephone while being an inmate at a Texas Department of
Criminal Justice (TDCJ) correctional facility, a third-degree felony.  Tex. Pen. Code Ann. ' 38.11(j) (Vernon
Supp. 2005).  He received a forty-year sentence pursuant to statutory
enhancements for repeat and habitual felony offenders.  Id. ' 12.42(d) (Vernon
2003).  He appeals, challenging the legal and factual sufficiency of the
evidence, the trial court=s denial of his Batson challenge,[1]
and the trial court=s refusal to give a jury instruction on
the voluntariness of his tape-recorded statement.  We affirm.

Appellant slept on the top bunk in a cell he shared with
Lamont Navajo.  On February 21, 2004, two correctional officersCTimothy Moffett
and Harold HaleyCreceived an anonymous tip about contraband
in appellant=s cell.  After midnight, Officer Haley entered
appellant=s cell, turned on the light, and stood in front of the
toilet to prevent any attempt to flush contraband.  Officer Moffett stood at
the cell door and told appellant and Navajo to get up and submit to a strip
search.  Appellant immediately climbed down from the top bunk and leaned over
to pick up his belongings so the officers could search him.  During this
process, a cellular phone fell to the floor.  Officer Moffett testified the
phone fell from the top bunk, and Officer Haley testified the phone fell from
appellant=s person as he leaned over, after descending from the
bunk.  Neither officer saw the phone on appellant=s person.  Navajo
was still lying on his bunk when the phone fell, acting as though he was trying
to hide something.  A second cellular phone was found on Navajo=s person, and a
third was found in his boot.

Appellant testified he had used a different cellular phone
earlier that night, but that the phone he allegedly dropped was not his, he did
not drop it, and it was not on his bunk.[2] 
He also testified he used this same phone sometime around Thanksgiving of the
previous year.  Appellant gave a tape-recorded statement to TDCJ Internal Affairs
Officer Jorge Delgado on February 23, 2004, in which appellant admitted to
using and possessing this phone.

Legal and Factual Sufficiency of the Evidence

In his first and second points of error, appellant claims
the evidence is legally and factually insufficient to show he possessed a
cellular phone.  We address these points together.








In a legal sufficiency review, we look at the evidence in a
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 n.12 (1979);  Moff v.
State, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004).  We do not engage in a
second evaluation of the weight and credibility of the evidence, but only
ensure the jury reached a rational decision.  Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993).  In a factual sufficiency challenge, we view
the evidence neutrally, setting aside the verdict only if (1) the evidence
supporting the verdict, if taken alone, is too weak to sustain the finding of
guilt beyond a reasonable doubt, or (2) the contrary evidence is so strong that
the State could not have met its burden of proof beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484B85 (Tex. Crim.
App. 2004).  We must defer to the jury=s findings and
resist intruding upon the jury=s role as the sole judge of witness
credibility and of the weight to be given to the evidence.  Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

A TDCJ correctional facility inmate commits an offense if
he possesses a cellular telephone.  Tex.
Pen. Code Ann. ' 38.11(j).  APossession means
actual care, custody, control, or management.@  Id. ' 1.07(39). 
Appellant was indicted for possessing a cellular phone Aon or about@ February 21,
2004.  However, the jury was charged that the State need not prove the exact
date alleged in the indictment; instead, the State may prove the offense, if
any, was committed at any time within the three-year statute of limitations
before the indictment was retuned on September 9, 2004.








Appellant admitted he used this phone (the same cellular
phone that he allegedly dropped on February 21, 2004) sometime around
Thanksgiving of 2003.  This is within the applicable period of limitations, and
is prior to the filing of the indictment in this case.  Viewing the evidence in
a light most favorable to the verdict, we find there is legally sufficient
evidence to support appellant=s conviction.  Even when the evidence is
cast in a neutral light, we find the evidence supporting conviction is not too
weak to support guilt beyond a reasonable doubt, and the evidence contrary to
the verdict is not so significant that guilt beyond a reasonable doubt could
not be found at trial.  We overrule appellant=s first and second
points of error.

Batson Challenge

In his third point of error, appellant claims the trial
court erred by denying his Batson v. Kentucky challenge.  476 U.S. 79,
86 (1986).  Following voir dire, counsel for the State and appellant presented
their peremptory strikes.  The State struck Juror Number Eight, a black man. 
Defense counsel pointed out that appellant is also black, and made a Batson challenge
to the prosecutor=s strike.  See id. (holding the use
of peremptory challenges to exclude potential jurors on the basis of race
violates the Equal Protection Clause of the Fourteenth Amendment); see also
Ladd v. State, 3 S.W.3d 547, 563 (Tex. Crim. App. 1999) (declaring that the
use of peremptory challenges to exclude persons from jury due to race violates
the Equal Protection Clause of the Fourteenth Amendment).

Once a party raises a Batson challenge, the trial
court must engage in a three‑step process.  First, the party opposing the
peremptory strike must make a prima facie showing of racial discrimination.  Purkett
v. Elem, 514 U.S. 765, 767 (1995); Ford v. State, 1 S.W.3d 691, 693
(Tex. Crim. App. 1999).  This shifts the burden of production to the party
making the strike to present a race‑neutral explanation.  Purkett,
514 U.S. at 767.  If a race‑neutral explanation is tendered, the burden
of persuasion shifts to the challenging party to argue the reason given is
merely a pretext for purposeful discrimination.  Id.  The trial court
must assess the credibility of the strike=s proponent and
the persuasiveness of the justification offered.   Ladd, 3 S.W.3d at
563.  Because the trial court=s decision turns largely on an evaluation
of credibility, the appellate court must give that decision great deference,
and must not disturb the trial court=s decision unless
it is clearly erroneous.  Hernandez v. New York, 500 U.S. 352, 353
(1991); Robinson v. State, 851 S.W.2d 216, 226 (Tex. Crim. App. 1991).








The trial court held a Batson hearing, wherein the
prosecutor explained he struck Juror Number Eight because he had his eyes
closed during voir dire and because he was once on a jury in a case that resulted
in a mistrial.[3] 
Michael Holm, an investigator with the TDCJ Special Prison Prosecution Unit,
testified he witnessed Juror Number Eight A[n]ot paying
attention, not B just unconcerned@ several different
times during voir dire.  Appellant=s attorney
testified he did not watch Juror Number Eight every minute of voir dire, but he
did not see this juror being inattentive.  Defense counsel then argued the
State did not meet its burden of showing a race-neutral reason for the strike. 
The record does not indicate the race of the other veniremembers who were
struck, or the race of the selected jurors.

A prospective juror=s inattentiveness
may be a sufficiently race‑neutral reason to justify the use of a
peremptory challenge.  Tate v. State, 939 S.W.2d 738, 745 (Tex. App.CHouston [14th
Dist.] 1997, pet. ref=d), overruled on other grounds by
Sarmiento v. State, 93 S.W.3d 566 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d); Woods v. State, 801 S.W.2d 932,
937 (Tex. App.CAustin 1990, pet. ref=d).  After fully
reviewing the record of the voir dire examination and the Batson
hearing, we find the State satisfied its burden of producing a race-neutral
reason for the strike.  The defense, however, did not satisfy its burden of
persuasion that the State=s reasoning was merely a pretext for
purposeful discrimination.  We can discern no clear error in the trial court=s denial of
appellant=s Batson objection.  Appellant=s third point of
error is overruled.

Jury Instruction on Voluntariness of Appellant=s Statement

Appellant, in his fourth point of error, argues the trial
court erred by failing to instruct the jury they could disregard appellant=s statement if
they found it was involuntarily rendered.  Tex.
Code Crim. Proc. Ann. arts. 38.22 ' 3, 38.23(a)
(Vernon 2005).








The Texas Code of Criminal Procedure provides that, if the
evidence raises a fact issue about the voluntariness of a statement, the jury
shall be instructed not to consider that evidence if the jury believes or has a
reasonable doubt the evidence was obtained in violation of the law.  Id. arts.
38.22 ' 6, 38.23.  A fact
issue about whether evidence was legally obtained may be raised Afrom any source,
and the evidence may be strong, weak, contradicted, unimpeached, or
unbelievable.@  Garza v. State, 126 S.W.3d 79, 85 (Tex. Crim.
App. 2004) (quoting Wilkerson v. State, 933 S.W.2d 276, 280 (Tex. App.CHouston [1st
Dist.] 1996, pet. ref=d)).  If there is no factual dispute over
how the evidence was obtained, the instruction is not necessary.  Id. 

Officer Delgado received a tape-recorded oral statement
from appellant on February 23, 2004.  Although Officer Delgado read appellant
his rights prior to asking any questions about this offense,[4]
defense counsel complained at trial that each of appellant=s verbal responses
to questions about whether appellant understood his rights were inaudible. 
Defense counsel argued:  AThe tape speaks for itself, Judge. 
Whether or not [appellant] made the proper waivers and whether those waivers
were clear on the tape is the only issue that I see.@  The tape shows
Officer Delgado read appellant seven warnings and asked whether appellant
understood these warnings.  Officer Delgado instructed appellant to initial
each warning to indicate he understood his rights.  He also explained that, if
appellant chose to speak with him, he should sign and initial the waiver form
to indicate that he knowingly, intelligently, and voluntarily waived his
rights.  The record contains appellant=s written waiver. 
His initials appear next to each warning or right, and his signature is at the
bottom of the form below a statement that, by signing, he voluntarily waived
these rights.  The date and time next to appellant=s signature show
appellant waived these rights prior to giving his oral statement.








There is no evidence contradicting Officer Delgado=s testimony that
appellant knowingly, intelligently, and voluntarily waived his rights.  We,
therefore, find no fact issue on voluntariness for the jury=s consideration.  See
Garza, 126 S.W.3d at 86B87 (finding appellant raised no fact issue
at trial to require article 38.23 jury instruction when his testimony did not
differ significantly from that of police officers and that Avague suggestions@ or Amere insinuations@ by defense
counsel that a fact exists do not create a fact issue).  We find the trial
court did not err in refusing this jury charge, and we overrule appellant=s fourth point of
error.  

The trial court=s judgment is
affirmed.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 15, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Batson v. Kentucky, 476 U.S. 79, 86 (1986).





[2]  Appellant testified he needed to use the phone to
call his father, who was in renal failure.  He said his mother could not write
to him about his father=s health because she was blind in one eye.  Appellant
said that, although he had placed a phone call request through the prison, it
takes ninety days to process these requests and he had not yet received a
response.





[3]  The record shows Juror Number Eight spoke three
times during voir dire.  He responded to a direct question from the prosecutor,
he asked how prisoners can obtain cellular telephones and, later, he asked
defense counsel to repeat a question she had just asked of another venire
member.





[4]  Officer Delgado read appellant the Miranda
warnings as required by law.  Tex. Code
Crim. Proc. Ann. Art. 38.22 '2(a);
Miranda v. Arizona, 384 U.S. 436, 444B45
(1966).