Houston Roy **MULANAX**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–93–00553–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 21, 1994.

Margaret Polansky, Caldwell, for appellant.

Joan E. Scroggins, Caldwell, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Houston Roy Mulanax, appeals his judgment of conviction for aggravated assault. *See* TEX.PENAL CODE ANN. §§ 22.-01(a)(2) & 22.02(a)(4) (Vernon Supp.1994). The jury rejected his plea of not guilty and the trial court, after finding the two enhancement paragraphs of the indictment to be true and reviewing a presentence investigation report, assessed punishment at fifty (50) years confinement in the Institutional Division of the Texas Department of Criminal Justice with an affirmative finding of a deadly weapon. We affirm the judgment as reformed to delete the affirmative finding of a deadly weapon.

Appellant and his co-defendant, Robert Gandy, went to a trailer park on the evening of November 2, 1992, looking for Pete Ives, the victim in this case. When they arrived at the victim's mobile home, Gandy stayed in the truck while appellant knocked on the door. When the victim answered, appellant pushed open the door and grabbed appellant by the throat saying, "you know Barbara, Barbara and Karen, ... that's why I'm here." The victim testified that Barbara and Karen are his ex-wife and mother-in-law. Appellant then slammed the victim down across the counter and onto the floor. Gandy, hearing the commotion, decided to go inside the mobile home. Upon entering, Gandy picked the victim up off of the floor and shoved him into a corner in the kitchen. Appellant then came and held the victim down while Gandy pulled out a knife and held it to the victim's throat. Gandy told the victim, "We're going to kill you," while moving the knife across his throat. The victim was somehow able to take the knife away from Gandy and stab both Gandy and appellant. He then grabbed his shotgun, loaded it, and ran them both off of his property. At trial, Gandy testified that appellant did not know that he was going to use the knife, and the victim testified that appellant never had the knife in his possession.

Appellant was indicted for aggravated assault by using or exhibiting a deadly weapon, but the court also charged the jury on the theory of parties. The jury returned a general verdict of guilty of aggravated assault, with no special issue submitted as to a deadly weapon. At the punishment phase of the trial, the court was the trier of fact and announced, "[t]here will be an affirmative finding of a weapon." In addition, the judgment consists of a form with a blank designated, "Findings on Use of Deadly Weapon." In the blank space provided, the word "Affirmative" is typed.

Appellant asserts two points of error: First, there was insufficient evidence to support the conviction. Second, the court erred in making an affirmative finding of a deadly weapon.

■ In his first point of error, appellant alleges that since there is ample evidence that appellant never held the knife, he cannot be convicted as a party to aggravated assault. However, the law does not require appellant to hold the knife in order for him to be convicted as a party. The State merely has to prove that appellant acted with intent to promote or assist the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person in committing the offense. *See* TEX.PENAL CODE ANN. § 7.02 (Vernon 1974).

In determining the sufficiency of the evidence, this court must decide whether, in viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). In this case, the victim testified that Gandy told appellant to hold the victim down as Gandy pulled a knife out. He also stated that appellant continued to hold him down while Gandy moved the knife back and forth on the victim's neck. The victim further testified that, as Gandy was holding the knife, he was saying, "We're going to kill you." Additionally, Gandy testified that he had a knife with him while he and appellant were at the victim's mobile home and that he used it to threaten the victim's life. We hold that this evidence is sufficient to support the conviction based on the law of parties. Appellant's first point of error is overruled.

In his second point of error, appellant argues that there is no evidence to support the trial court's affirmative finding of a deadly weapon. The importance of an affirmative finding of a deadly weapon stems from a limitation on eligibility for parole contained in Tex.Code Crim.Proc.Ann., art. 42.18, § 8(b)(3) (Vernon Supp.1994). The statute provides, by reference to Tex.Code Crim. Proc.Ann., art. 42.12, § 3g(a)(2) (Vernon Supp.1994), that if the judgment contains an affirmative finding that the party defendant knew a deadly weapon would be used or exhibited, the defendant "is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-half of the maximum sentence or 30 calender years, whichever is less, but in no event shall he be eligible for release on parole in less than two calender years."

█ In reviewing the trial court's finding, we discover that we need not address the sufficiency of the evidence because the finding itself is not specific. In a case where the law of parties is involved, the affirmative finding must show that appellant used or exhibited a deadly weapon, *Flores v. State*, 690 S.W.2d 281, 283 (Tex.Crim.App.1985), or that appellant knew that the deadly weapon would be used or exhibited. *Pritchett v.*

*State*, 874 S.W.2d 168, 173 (Tex.App.—Houston [14th Dist.] 1994, appellant's pet. filed, State's pet. dism'd). *See also* Tex.Code Crim.Proc.Ann. art. 42.12, § 3g(a)(2) (Vernon Supp.1994).

█ In *Flores*, the appellant was indicted for murder with a handgun and the jury was given a charge that included the law on parties. *Flores*, 690 S.W.2d at 282–83. The jury returned a general guilty verdict, with no special issue submitted concerning a weapon, and the court assessed punishment. *Id.* at 283. The court added to its judgment: "the Court further finds that a deadly weapon, to-wit: a handgun was used and exhibited during the commission of the offense." *Id.* The Court of Criminal Appeals held that, as the trier of fact at the punishment stage of the trial, the court had the power to add the affirmative finding to the judgment. However, the court explained that when the law of parties is involved, the finding must specifically show that *the appellant* used or exhibited the deadly weapon. *Id.* (emphasis original). Since the court's opinion in *Flores*, Article 42.12 has been amended to provide that if the defendant was a party, an affirmative finding of a deadly weapon is appropriate where the party knew that a deadly weapon "would be used or exhibited." *See* Tex.Code Crim.Proc.Ann., art. 42.12, § 3g(a)(2) (Vernon Supp.1994). Thus, since the finding had to have been specific on whether the appellant *used or exhibited* the deadly weapon, the same applies to whether the appellant *knew* the deadly weapon would be used or exhibited. *See Pritchett*, 874 S.W.2d at 173.

In *Pritchett*, two robbery cases were consolidated, one involving a pawn shop and the other a credit union. In both cases the appellant was indicted as a principal, and the charge to the jury included the law on parties. There was no special issue on the deadly weapon submitted to the jury, and the jury found him guilty "as charged in the indictment" in both cases. The judge was the trier of fact on punishment, and in the judgments he used a stamp which stated that a firearm "was used." *Id.* at 172.

In the pawn shop robbery, there was evidence from which the jury could have con-

victed the appellant either as a primary actor or as a party. *Id.* at 173. This court followed the reasoning in *Flores* and held that since the appellate court could not determine whether the appellant was convicted individually or as a party, the affirmative finding of a deadly weapon should be deleted. *Id.* However, in the credit union robbery, the evidence was clear that the appellant was the principal actor, *not a party* to the offense. *Id.* (emphasis added). Since the court *was* able to determine that the appellant was convicted as the principal, no special wording was necessary for the affirmative finding of a deadly weapon. *Id.* (emphasis original).

In this case, there is no evidence that appellant ever held the knife, so it is clear that he was convicted as *a party. See Travelstead v. State,* 693 S.W.2d 400 (Tex.Crim. App.1985). Although there is no question of which theory the jury convicted him on, the affirmative finding is nevertheless improper because he was convicted as a party. In *Travelstead,* the appellant was indicted for capital murder by shooting with a gun. The evidence at trial made it clear that the appellant did not do the actual shooting, but was a party to the offense. The court charged the jury on the law of parties and the jury found that the appellant was guilty "as charged in the indictment." After the jury assessed punishment, the trial court added to the judgment, "The Court makes an affirmative finding that a deadly weapon was used." *Id.* at 401. The Court of Criminal Appeals held that the jury should have answered a special issue on deadly weapon since it was the finder of fact on punishment, and that the judge's finding was improper. *Id.* at 402. The court explained that the trial court's finding implied that appellant used or exhibited a deadly weapon which was impossible since the evidence showed he could only have been convicted as a party. *See id.* The same applies to the instant case. Therefore, when the law of parties is involved, the trier of fact must make a specific finding. *See id.*

The specificity requirement also applies to the recent amendment of Article 42.12, § 3g(a)(2). In other words, since a party may now receive an affirmative finding of a deadly weapon when he knew that a deadly weapon would be used or exhibited, the affirmative finding must state that *the appellant* knew that a deadly weapon would be used or exhibited. *See Pritchett,* 874 S.W.2d at 173. A finding that a deadly weapon "was used" is not proper and should be deleted. *Flores,* 690 S.W.2d at 283. Without the deletion, the judgment implies that the appellant used or exhibited a deadly weapon. *See Travelstead,* 693 S.W.2d at 402. In order for an affirmative finding to stand on the law of parties, there must have been a specific finding that appellant knew a deadly weapon would be used or exhibited. We have no such finding in the present case. Thus, we sustain point of error two and reform the judgment by deleting the deadly weapon finding pursuant to Tex.R.App.P. 80(b)(2).

Accordingly, the judgment of the trial court is affirmed as reformed.