Tunisia Vashay JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00622–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 4, 1999.

Tony Aninao, Houston, for Appellant.

Barbara A. Drumheller, John B. Holmes, Houston, for State.

Panel consists of Chief Justice SCHNEIDER, and Justices TAFT and PRICE.[1]

## OPINION

TAFT, Justice.

A jury found appellant, Tunisia Vashay Johnson, guilty of aggravated robbery. The jury assessed a sentence of five years in prison. Additionally, the trial court entered an affirmative finding that a deadly weapon was used. We address: (1) sufficiency of the evidence, both to prove intent to assist, and to support an affirmative finding of a deadly weapon; (2) admissibility of an extraneous robbery; (3) the manner in which an affirmative finding of a deadly weapon must be entered in the judgment where defendant is convicted as a party; and (4) unobjected-to prosecutorial argument and finger-pointing at appellant during argument. We affirm.

## Facts

Over a two-day period, two men robbed two convenience stores with a sub-machine gun. Appellant was present in both stores just prior to the robberies, and was found by the police the day after the second robbery, driving the car used in the two robberies, in front of another convenience store with the two armed men who robbed the first two stores. Appellant was charged in this case with the first aggravated robbery.

## Legal Sufficiency

In her first point of error, appellant claims the evidence was legally insufficient to support the conviction. She argues there was no evidence introduced at trial that could show her intent to assist, in any way, in the convenience-store robberies. We apply the usual standard of review. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Santellan v. State*, 939 S.W.2d 155, 160 (Tex.Crim.App.1997); *Howley v. State*, 943 S.W.2d 152, 155 (Tex.App.—Houston [1st Dist.] 1997, no pet.).

Appellant was convicted of aggravated robbery. While she did not rob the store with the two men, she can still be criminally responsible for their criminal conduct if she intentionally assisted the commission of the offense by aiding or attempting to aid the two men. TEX. PEN.CODE ANN. § 7.02(a)(2) (Vernon 1994).

Appellant was identified by witnesses as being in the two stores just prior to the robberies. The State proved that appellant rented a car that matched the description of the car seen leaving the store just after both robberies. When apprehended by the police, appellant was driving this same car with the two men, who were later identified as the robbers. One of the men had a Tech 9 pistol, matching the description of the gun used in both robberies, strapped to his chest. Additionally, when Sheriff's Deputy Vines first tried to stop appellant for questioning, she attempted to outrun the officer.

Viewing the evidence in the light most favorable to the prosecution, there was ample evidence for the jury to find beyond a reasonable doubt that appellant intended to aid in the commission of the aggravated robbery, either by performing a reconnaissance of the robbery location or by driving the getaway car, or both.

We overrule appellant's first point of error.

## Factual Sufficiency

In her second point of error, appellant claims the State's evidence was not factually sufficient to prove her involvement in the crimes beyond a reasonable doubt. Appellant contends the most the State proved was that she was present at both crimes. In reviewing factual sufficiency of

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

the evidence, we view all evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be unjust. *Clewis v. State,* 922 S.W.2d 126, 135 (Tex. Crim.App.1996).

Appellant's only evidence was one alibi witness, Rossetta Pipes, who could not recall being with appellant on the date of the second robbery, but testified that she was with appellant around the time of the first robbery on January 24, 1998. Appellant contends the testimony of this witness should have outweighed the evidence presented by the State, and that only a biased jury could have concluded beyond a reasonable doubt that she was guilty of aggravated robbery. We disagree. The jury could have simply disbelieved appellant's alibi witness. The verdict was not against the overwhelming weight of the evidence.

We overrule appellant's second point of error.

### Extraneous Offense

■ In her third point of error, appellant suggests the trial court erred in not excluding the testimony of the clerk from the second convenience store that appellant and her accomplices robbed. While evidence of extraneous crimes is normally inadmissible, it can be admissible if it meets the following two-prong test: (1) the offense is relevant to a material issue in the case, other than the defendant's character; and (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Prieto v. State,* 879 S.W.2d 295, 297 (Tex.App.— Houston [14th Dist.] 1994, pet. ref'd). For example, evidence of extraneous crimes may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX.R. EVID. 404(b).

The testimony here was not introduced as character evidence, but to show that appellant had intent to commit, had prior knowledge of the commission of, and was a helpful party to, the charged offense.

Appellant argues the two crimes were not sufficiently similar to constitute a "signature crime." The evidence was not offered to prove appellant's identity, however, but to show that appellant was an intentional and willing party to the crime. In looking at both crimes, a clear pattern emerges that implicates appellant in the two aggravated robberies. This evidence goes to prove a material issue in the case, namely, that appellant was a party by intentionally assisting the two men. Therefore, the first prong of the test is satisfied.

■ Once the first prong has been met, the court must perform a rule 403 balancing test to determine if the evidence's probative value is outweighed by its prejudicial effect. TEX R. EVID. 403. The Court of Criminal Appeals established a four-prong test for a rule 403 balancing test in *Taylor v. State:* (1) whether the ultimate issue was seriously contested by the opponent of the evidence; (2) whether the State had other convincing evidence to establish the ultimate issue to which the disputed evidence was relevant; (3) the compelling nature, or lack thereof, of the evidence; and (4) the likelihood that the evidence was of such a nature as to impair the efficacy of a limiting instruction. 920 S.W.2d 319, 322 (Tex.Crim.App.1996).

### 1. Was Issue Seriously Contested?

Appellant maintained throughout the trial that she was completely ignorant of the two men's activities within the store. Therefore, the issue of her involvement in the crime was seriously contested.

### 2. Other Convincing Evidence on Ultimate Issue

While there is evidence that appellant was present at the first robbery, such as the testimony of the store owner who identified appellant, the evidence of the second crime is necessary to show appellant's criminal complicity with the two men, thus

rendering her assertion of ignorance implausible.

### 3. Compelling Evidence

Appellant's presence and similar behavior at both crimes provides compelling evidence that she was aware of, and actively participated in, the crimes.

### 4. Possibility of an Effective Limiting Instruction

The jury charge included a written instruction that limited the jury's consideration of evidence of other offenses. Nothing in the record suggests the jury was unable to follow this instruction.

### 5. Summary

Taking all the factors into consideration, we conclude that admission of this evidence was not outside the zone of reasonable disagreement. *See Montgomery v. State,* 810 S.W.2d 372, 386 (Tex.Crim.App. 1990) (op. on reh'g).

We overrule appellant's third point of error.

### Evidence Supporting Affirmative Finding of Deadly Weapon

■ In her fourth point of error, appellant contends the trial court committed reversible error by entering an affirmative finding in its judgment that a deadly weapon was used, because the evidence was insufficient to support a finding that appellant personally used a firearm. Appellant argues that even if she were a party, no evidence showed she knew that a firearm would be used or exhibited in the commission of the store robbery in this multi-defendant case.

As addressed in points one and two, there is sufficient evidence to show that appellant was a party to the offense. However, appellant contends the question remains whether she knew a firearm was used in the first robbery. Not only did appellant drive the getaway cars in both crimes, but when she and the two men were arrested in her car, one of the men had a gun strapped to his chest that matched the description of the firearm used in the robberies. The evidence reveals a thoroughly-planned robbery scheme in which appellant played important roles by scouting the stores before the robberies and driving the getaway car afterward. This evidence warrants the inference that all three participants were aware of the details of the well-planned robberies, including the weapon used. On reviewing this evidence in the light most favorable to the prosecution, we conclude it shows appellant was aware that a deadly weapon was used to commit the robberies.

Therefore, we overrule appellant's fourth point of error.

### Entry of Affirmative Finding of Deadly Weapon

■ In her fifth point of error, appellant argues the trial court erred by entering an affirmative finding that a deadly weapon was used, when the judgment did not recite that appellant was a party to the offense and knew that a deadly weapon would be used or exhibited, as required by statute.

■ The trial court entered the affirmative finding of a deadly weapon by circling "Yes" on a pre-printed form. The form did not provide space for an entry indicating that appellant was convicted as a party and that the affirmative finding was based on appellant's knowledge that a deadly weapon would be used or exhibited during the robbery. However, "the statute does not require any specific wording or terminology when making a finding that a deadly weapon was used." *Travelstead v. State,* 693 S.W.2d 400, 402 (Tex.Crim.App. 1985).

■ Furthermore, the trial court may properly enter an affirmative finding of the use of a deadly weapon when (1) the indictment alleges the use of a "deadly" weapon and the jury's verdict reads "guilty as charged in the indictment"; (2) the indictment alleges the use of a weapon and the weapon is deadly per se; or (3) the

jury affirmatively answers a special issue on the use of a deadly weapon. *Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App. 1985); *see also Pritchett v. State*, 874 S.W.2d 168, 172 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd).

■ The indictment here specifically alleged the use of a "deadly weapon"; the jury's verdict reads "guilty as charged in the indictment"; and the Tech–9 sub-machine gun used is deadly per se. *See* Tex. Penal Code Ann. § 1.07(a)(17) (Vernon 1994). Therefore, the affirmative finding of deadly weapon is supported by the first and the second bases listed in *Polk*. Once the jury makes the affirmative finding, the trial court "shall" enter this finding in the judgment. *See* Tex.Code Crim. P. Ann. Art. 42.12 § 3g(a)(2) (Vernon Supp.1999). In other words, entering the affirmative finding in the judgment is mandatory; the trial court has no discretion. *See State ex rel. Esparza v. Paxson*, 855 S.W.2d 170, 172 (Tex.App.—El Paso 1993, no pet.). Therefore, the trial court did not err in entering an affirmative finding that a deadly weapon was used.

In *Mulanax v. State*, 882 S.W.2d 68, 71 (Tex.App.—Houston [14th Dist.] 1994, no pet.), and *Pritchett*, on which *Mulanax* relies, our sister court concluded it was compelled to delete an affirmative finding that a deadly weapon was "used" when the jury might have found the accused guilty as a party. *Mulanax* and *Pritchett* demonstrate a misunderstanding of this area of the law.

Prior to the 1991 amendment of article 42.12 § 3g(a)(2) of the Code of Criminal Procedure, an affirmative finding of the use of a deadly weapon could not be entered unless the defendant himself actually used or exhibited the weapon. *See, e.g., Travelstead*, 693 S.W.2d at 402. The 1991 amendment expanded the scope of the law to allow entry of an affirmative finding of use of a deadly weapon for one who was a party to a crime, as long as she knew the weapon would be used. *See* Act of May 25, 1991, 72nd Leg., R.S. ch. 541, § 1, 1991

Tex. Gen. Laws 1876, 1876–77 (presently codified as Tex.Code Crim. P. Ann. art. 42.12 § 3g(a)(2) (Vernon Supp.1999)).

■ Even without a special issue submitted to the jury requiring it to find the defendant personally used a deadly weapon, the amendment now allows the affirmative finding if the defendant is found guilty as a party to an offense alleging the use or exhibition of a deadly weapon. The issue in *Flores*, upon which *Mulanax* and *Pritchett* are based, was *not* whether *the entry of the affirmative finding in the judgment* must show that the accused used or exhibited a deadly weapon, but whether *the evidence* showed the accused used or exhibited a deadly weapon. *See Flores v. State*, 690 S.W.2d 281, 283 (Tex.Crim.App. 1985). Similarly, the issue after the 1991 amendment is not whether the entry of the affirmative finding in the judgment shows the defendant used or exhibited a deadly weapon, or merely knew someone else was going to use or exhibit it. The issue is whether the evidence justified an affirmative finding of the use of a deadly weapon—regardless of whether that use is by the defendant, or by another for whom the defendant is criminally responsible as a party.

Appellant was convicted as a party to the aggravated robbery in which the indictment alleged a deadly weapon was used. By finding appellant guilty, as alleged in the indictment, the jury found that appellant intended that a deadly weapon would be used during the course of this aggravated robbery. By finding this intent, the jury necessarily found that appellant knew a deadly weapon would be used. *See* Tex. Penal Code Ann. § 6.02(d),(e) (Vernon 1994) (proof of a higher degree of culpability, here intentionally, constitutes proof of the lesser culpability charged, here knowingly).

The practical consequences of erroneously deleting the affirmative findings in *Mulanax* and *Pritchett* were negligible because the offenses (aggravated assault and

aggravated robbery) are enumerated offenses in article 42.12, § 3g(a)(1) of the Code of Criminal Procedure, for which the parole consequences are the same as for offenses in which affirmative findings of a deadly weapon are entered. Nevertheless, the jurisprudential consequences of *Mulanax* and *Pritchett* are significant, particularly in light of other cases' having followed them. *See Tate v. State,* 939 S.W.2d 738, 753 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd); *Boudreaux v. State,* No. 13–97–818–CR (Tex.App.—Corpus Christi July 1, 1999, pet. filed).

The error is particularly egregious in *Pritchett,* because even though the evidence supported the defendant's knowledge of his codefendant's use of a deadly weapon *and the defendant's own use of a deadly weapon,* the court of appeals deleted the affirmative finding of a deadly weapon. 874 S.W.2d at 173. *Mulanax* and *Pritchett* misunderstood *Flores* to require that the affirmative finding entry in the judgment must show whether the defendant was a party or a principal actor. The proper inquiry is whether the evidence supports the affirmative finding of a deadly weapon. As stated in *Travelstead,* "the statute does not require any specific wording or terminology when making a finding that a deadly weapon was used." 693 S.W.2d at 402. Accordingly, the trial court's judgment indicating the affirmative finding of deadly weapon is proper.

We overrule appellant's fifth point of error.

### Jury Argument

In her sixth and seventh points of error, appellant contends the prosecutor made improper remarks and repeatedly pointed at appellant and shook her finger in appellant's face during the prosecutor's closing argument. However, appellant failed to object during the trial. Therefore, appellant has not properly preserved these points of error for appeal. *See Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim. App.1996).

We overrule appellant's sixth and seventh points of error.

### Conclusion

We affirm the judgment of the trial court.