Opinion issued April 19, 2007












 




In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00931-CR






GREGORY REGINALD JYNES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 14,668




 

MEMORANDUM OPINION

 A jury found appellant, Gregory Reginald Jynes, guilty of aggravated robbery
and assessed punishment at 15 years' confinement. See Tex. Pen. Code Ann.
§ 29.03 (Vernon 2003). On appeal, appellant contends that the trial court erred by (1)
failing to include an application paragraph in the charge applying the law of parties
to the facts and (2) entering an affirmative finding in the judgment on the use or
exhibition of a deadly weapon. 

 We affirm.

BACKGROUND


 On the night of April 20, 2006, two men robbed the complainant, Kevin Baker,
as he was walking into his girlfriend's apartment in Brenham, Texas. Baker had gone
out to his truck at around midnight to retrieve some items and was in the parking lot
when two men came from behind and grabbed him on each side of his body. The man
to his left pushed a handgun into Baker's side. Baker saw the handgun, which he
described as a black semi-automatic. The man on his right side, later identified as
appellant, did not have a weapon. Both of the men demanded Baker's money. 

 Baker pulled his wallet from his pants pocket and both of the men went through
it, taking $80.00 or $90.00 in cash. The men then went through Baker's pants
pockets, taking his cellular telephone. At some point during or after the moment that
Baker turned over his money, Baker heard appellant instruct the gunman to "do him." 
Baker understood this phrase to mean that the gunman should shoot Baker. The
gunman did not shoot Baker, but Baker was afraid that he would be shot. The two
men then ran away and got into a late-model, Ford pick-up truck. Baker got into his
car, followed the truck, got the license number, and called 911 from his other cellular
telephone.

 Four officers of the Brenham Police Department responded. Officer J. Wilkins
met up with Baker and had Baker follow him to the police department to give a
written statement. Officer J. Snowden, who had been on patrol in the area, was able
to locate the Ford truck bearing the license number Baker had reported. It was
determined that the truck, which displayed Louisiana license plates, had been
reported stolen. Assistant Chief of Police J. Petrash and Officer C. Jackson met up
with Snowden, and the officers stopped the Ford truck. 

 Appellant was the back-seat passenger. Jackson found a handgun and a
"butterfly knife" on the back-seat floorboard. The handgun, which Jackson identified
at trial as a Sigpro handgun that had been stolen from a pawn shop in Louisiana
during Hurricane Katrina, was admitted into evidence. Jackson testified that, when
he found the handgun, it was loaded and "the hammer was in the cock-back position." 
Jackson also stated that, when he opened the glove box, a cellular telephone, later
identified as Baker's, fell onto the floor. In addition, Jackson testified that he
recovered $90 from appellant's pants pocket. With regard to the cash, Petrash
testified that appellant said "they had took [sic] if off a guy . . . behind the
apartments" and that appellant had also stated, "I got it from a dud[e]'s wallet but I
didn't have no gun." The day after the incident, Baker identified appellant from a
photo-lineup. 

 Subsequently, appellant was indicted for the offense of "Engaging in
Organized Criminal Activity." Specifically, the indictment stated that appellant did,
"while in the course of committing theft of property and with intent to obtain or
maintain control of said property, intentionally or knowingly threaten or place
Kenneth Baker in fear of imminent bodily injury or death, and [appellant] did then
and there use or exhibit a deadly weapon, to-wit: a handgun." In addition, the
indictment stated that appellant did "intentionally or knowingly operate a motor-propelled vehicle, to-wit: an automobile, without the effective consent" of the owner. 
Further, the indictment stated that appellant committed the offenses "with the intent
to establish, maintain, or participate in a combination or in the profits of a
combination who collaborated in carrying on said criminal activity."

 At the conclusion of the guilt-innocence phase, the proposed charge (1) was as
follows, in pertinent part:

 I. [Appellant] stands charged by indictment with the offense of
aggravated robbery . . . . You are instructed that the law
applicable to this case is as follows: A person commits an offense
if, in the course of committing theft and with intent to obtain or
maintain control of the property, he intentionally or knowingly
threatens or places another in fear of imminent bodily injury or
death and he uses or exhibits a deadly weapon. . . . 

 II. and III. [statutory terms defined]. 

 IV. All persons are parties to an offense who are guilty of acting
together in the commission of an offense. A person is criminally
responsible as a party to an offense if the offense is committed by
his own conduct, by the conduct of another for which he is
criminally responsible, or by both. A person is criminally
responsible for an offense committed by the conduct of another
if, acting with intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or attempts to aid
the other person to commit the offense. Mere presence alone will
not constitute one a party to an offense. 

 V. Now, therefore, if you find from the evidence beyond a
reasonable doubt that on or about . . . , [appellant], as alleged in
the indictment, did then and there, while in the course of
committing theft of property and with intent to obtain and
maintain control of said property, intentionally or knowingly
threaten or place [Baker] in fear of imminent bodily injury or
death, and the defendant did then and there use or exhibit a deadly
weapon, to-wit: a handgun, with intent to obtain said property
from [Baker], without the effective consent of [Baker], and with
intent to deprive him of said property, then you will find
[appellant] guilty of the offense of aggravated robbery as charged
in the indictment.


Hence, the jury charge contained an abstract instruction on the law of parties, but did
not contain an application paragraph--applying the law of parties to the facts of this
case. 

 The State attempted to add an application paragraph during the charge
conference, as follows:

 Court: Both sides having had an opportunity to review the charge,
does either side have any objection to the proposed Charge
of the Court?

 [State]: The State does, Your Honor. Specifically, to Section 5 of
the charge . . . . In a proposed charge that the State earlier
tendered to the Court we had included a paragraph--an
application paragraph on the law of parties and we would
ask that that be included. In addition to the one that's
already here in Paragraph 1 of Section 5, that there be a
Paragraph 2, an application paragraph to the law of parties.
. . . .

 Court: [Defense Counsel], the defendant objects?

 [Counsel]: Yes, Your Honor.

 Court: All right. The objection is sustained. Does the defendant
have any objections to the proposed charge or any
requested instructions?

 [Counsel]: No, Your Honor. No objection.


 Finally, the State threaded discussion of the law of parties into its closing, as
follows: 

 [State]: And the defendant did then and there use or exhibit a
deadly weapon, to wit, a handgun. We talked about it in
voir dire, the law of parties, where you don't have to be in
the bank to be charged with bank robbery. . . . The law of
parties is what we talked about in voir dire and there it is
for you outlined in Paragraph 4 of the charge. . . . A person
is criminally responsible for an offense committed by the
conduct of another if, acting with intent to promote or
assist the commission of the offense, he solicits,
encourages, directs, aids or attempts to aid the other person
to commit the offense. That's exactly what you have here. 
He is aiding him by being there when the gun is pushed
into Mr. Baker's ribs. He is standing right on the other
side of Mr. Baker. He is encouraging him because he is
saying do him, do him.


 The jury found appellant "'[g]uilty' of the offense of aggravated robbery." 
There was not a special issue presented to the jury on appellant's use or exhibition of
a deadly weapon. Similarly, no special issue was submitted as to whether appellant 
was a party to the offense and knew that a deadly weapon was used or exhibited. At
the close of the punishment phase, the charge to the jury stated that "[b]y your verdict
in this case you have found the defendant guilty of the offense charged in the
indictment," and the jury's verdict on punishment stated: "WE, THE JURY, having
found [appellant] . . . guilty of the offense of AGGRAVATED ROBBERY as alleged
in the indictment, and [sic] assess his punishment. . . ." In its judgment on the verdict,
the trial court stated that appellant was guilty of the offense of aggravated robbery
and that "[t]he jury by its verdict made the affirmative finding that the defendant did
use or exhibit a deadly weapon, to-wit: a gun during the commission of the offense
or during immediate flight therefrom." 



ANALYSIS


 In two issues, appellant contends that the trial court erred by (1) failing to
include an application paragraph in the charge applying the law of parties to the facts
and (2) entering an affirmative finding in the judgment on the use or exhibition of a
deadly weapon. Application paragraph

 In his second issue, appellant contends that the trial court erred by failing to
include an application paragraph in the charge applying the law of parties to the facts.

A. Standard of Review and Applicable Law

 We review an alleged error in a jury charge by considering (1) whether the jury
charge was erroneous and, if so, (2) whether sufficient harm resulted from the error
to require reversal. See Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006);
Holford v. State, 177 S.W.3d 454, 459 (Tex. App.--Houston [1st Dist.] 2005, pet.
ref'd). 

 It is error for a trial court to refer to the law of parties in the abstract portion of
the jury charge and then fail to apply that law or to refer to that law in the application
paragraph of the jury charge. Campbell v. State, 910 S.W.2d 475, 477 (Tex. Crim.
App. 1995). It is the application paragraph that authorizes the jury to convict the
defendant. Id. Hence, an abstract charge on a theory of law that is not applied to the
facts is insufficient to bring that theory before the jury. Id. 

 Under the invited error doctrine, if a party, by his request for a ruling, leads the
court into error, the party responsible for the court's action may not take advantage
of the error on appeal by using the error as a basis for reversal of the judgment. 
Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (discussing invited
error); Franks v. State, 961 S.W.2d 253, 255 (Tex. App.--Houston [1st Dist.] 1997,
pet. ref'd) (holding that it is well-settled that appellant may not act as "moving factor"
creating error at trial and then raise that error on appeal). The invited error doctrine
applies to jury charges. Cadd v. State, 587 S.W.2d 736, 741 (Tex. Crim. App. 1979);
Willeford v. State, 72 S.W.3d 820, 823 (Tex. App.--Fort Worth 2002, pet. ref'd).

B. Analysis

 Here, the State sought to add an application paragraph to the charge, applying
the law of parties to the facts of this case. Appellant's trial counsel objected to the
addition of the application paragraph, and the trial court sustained the objection.
Because appellant moved the court to make the ruling, and the court ruled in
accordance with the request, appellant is responsible for the trial court's action and
may not assert this action as error on appeal. See Prystash, 3 S.W.3d at 532 (refusing
to permit appellant to complain on appeal of deletion of language in jury charge when
language was deleted at appellant's request). 

 We conclude that appellant invited error by objecting to the inclusion of the
application paragraph applying the law of parties to the facts of this case. Hence,
appellant may not now complain on appeal that the charge submitted to the jury by
the trial court was erroneous on this ground. See Prystash, 3 S.W.3d at 532;
Willeford, 72 S.W.3d at 823.

 Accordingly, we overrule appellant's second issue.

C. Affirmative Finding 

 In his first issue, appellant contends that the trial court erred by entering an
affirmative finding on the use or exhibition of a deadly weapon. Specifically,
appellant argues that this case does not fit any of the modes of Polk v. State. 693
S.W.2d 391 (Tex. Crim. App. 1985).

 Under Polk, the trial court may properly enter an affirmative finding on the use
of a deadly weapon when (1) the indictment alleges the use of a deadly weapon and
the jury's verdict states that it found the defendant "guilty as charged in the
indictment"; (2) the jury finds guilt as alleged in the indictment and, although not
specifically pled as a deadly weapon, the weapon is deadly per se; or (3) the jury
affirmatively answers a special issue on the use of a deadly weapon. Id. at 394; see
Johnson v. State, 6 S.W.3d 709, 713-14 (Tex. App.--Houston [1st Dist.] 1999, pet.
ref'd).

 Here, the indictment specifically alleged the use of a "deadly weapon"; and the
handgun used is deadly per se. See Tex. Pen. Code Ann. § 1.07a(17) (Vernon Supp.
2006). The jury's verdict after the guilt-innocence phase stated only that the jury
found appellant "'[g]uilty' of the offense of aggravated robbery." However, the jury's
verdict after the punishment phase stated: "WE, THE JURY, having found the
defendant . . . guilty of the offense of AGGRAVATED ROBBERY as alleged in the
indictment, and assess his punishment at . . . ." (Itals. added.) Hence, the affirmative
finding of a deadly weapon is supported by the first and second bases listed in Polk. 
See Polk, 693 S.W.2d at 394; Johnson, 6 S.W.3d at 914. Once the jury made the
affirmative finding, the trial court was required to enter the finding in the judgment. 
See Johnson, 6 S.W.3d at 714. 

 We hold that the trial court did not err by entering an affirmative finding that
a deadly weapon was used or exhibited.

 Accordingly, appellant's first issue is overruled.






Conclusion

 We affirm the judgment of the trial court. 


 



 Laura Carter Higley

 Justice

Panel consists of Justices Nuchia, Keyes, and Higley. 

Do not publish. See Tex. R. App. P. 47.2(b).
1. 
 
 
 §