Opinion issued August 26, 2010


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00185-CR

NO. 01-10-00417-CR

———————————

Kendrick Levell Tyler, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 400th District Court

Fort Bend County, Texas



Trial Court Case No. 44486

 



MEMORANDUM OPINION

          Appellant,
Kendrick Levell Tyler, appeals a
judgment that convicts him for the aggravated robbery of Thanh Pham, and a
judgment that convicts him for the aggravated robbery of Duc Vu.[1]  See Tex. Penal Code § 29.03 (Vernon
2003).  Appellant pleaded not guilty to
both offenses.  A jury found appellant
guilty, and assessed his punishment at 25 years in prison for each offense, as
well as a fine of $1,000 for the offense concerning Vu, and a fine of $5,000
for the offense concerning Pham.  The
trial court ordered the sentences to run concurrently.  In two issues that pertain to each of the
appeals, appellant challenges the legal and factual sufficiency of the evidence
to establish the offenses of aggravated robbery.  We conclude the evidence is legally and
factually sufficient, and, therefore, affirm.

Background 

          Late
one night, Thanh Pham and his uncle, Duc Vu, arrived at their convenience store
in Missouri City.  Upon arriving, Pham called
his aunt, Hoa Nguyen, who was located in the store, and asked her to open the store’s
front door.  It was at this point that a
red car pulled up and Dominick McCullough got out of the passenger side of the
car and approached Pham in the parking lot. 
McCullough pointed a gun at Pham and proceeded to take his cell phone
and wallet that had $57 dollars in it. 
McCullough also pointed a gun at Vu and took two bags of cigarettes from
him.

          After
taking the items, McCullough jumped into the passenger side of Vu’s Camry.  McCullough called appellant, who had been the
driver of the red car, to join him. 
Appellant got out of the red car and demanded the keys from Vu.  Vu, having left the keys in the Camry with it
running, pointed at the Camry.  Appellant
ran to the Camry, got in the driver’s seat, and drove away.  Within a short period of time, the Camry
returned.  Appellant got out of the Camry
holding a gun in his hand and retrieved an item from the red car. 

Around this time, Nguyen, seeing
everything that had occurred through her store window, called the police.  A patrol officer with the Missouri City
Police Department received a dispatch to the store.  The patrol officer broadcasted a description
of the stolen Camry. 

Missouri City Police Officer
Salazar saw the Camry soon after it was stolen. Appellant was the driver of the
Camry.  Appellant refused to stop for
Officer Salazar and drove the Camry at a high-speed until he spun it out of
control.  Appellant was found with a
semi-automatic gun magazine in his possession, but no gun was ever found.  McCullough had fifty-seven dollars in cash,
the exact amount taken from Pham. 
Officer Salazar testified that he was a firearms expert, and that from
the surveillance video of the incident, he believed that the gun used in the
robbery was a semiautomatic firearm, not a revolver. He also testified that
semiautomatic firearms usually come with two magazines when purchased. 

McCullough testified that appellant
was unaware that the red car was stolen and was unaware that McCullough had
been carrying a gun.  McCullough further
testified that he had asked appellant to drive him to Missouri City to pick up
money from friends, and that he did not decide to commit robbery until moments before
the events actually occurred.  McCullough
explained that appellant was listening to his headphones during the commission
of the robbery and that the headphones prevented appellant from knowing about
the crime until McCullough called him to get into the Camry.  It was at this point, according to
McCullough, that appellant first realized the red car had been stolen.  Lastly, to explain why the presence of the
semiautomatic gun clip in appellant’s possession was irrelevant, McCullough
asserted that the gun he used in the commission of the offense was a revolver,
not a semiautomatic pistol. 

On cross-examination, McCullough
revealed that earlier in the week he had pleaded guilty to aggravated robbery,
and could not receive any further punishment beyond the sentence of 20 years in
prison.  It was further revealed that
McCullough’s testimony regarding appellant’s ignorance of the stolen red car
was contradictory to a statement that he gave a police officer when being
interrogated a couple weeks after the crime. 
McCullough explained that he was “lying” then, but not while he
testified in court. 

Witnesses for the State were Pham,
Vu, Nguyen, Officer Salazar, and two other officers.  The sole witness for appellant was
McCullough. 

Legal and Factual Sufficiency

          In his two issues on appeal,
appellant challenges the legal and factual sufficiency of the evidence that he
used a deadly weapon or knew a deadly weapon would be used in the robbery, and
that he did anything to assist McCullough’s commission of the offenses. 

A.      Law Pertaining
to Aggravated Robbery

Appellant challenges the
sufficiency of the evidence to sustain each of the convictions for aggravated
robbery.  A person commits aggravated
robbery when he commits robbery and he uses or exhibits a deadly weapon.  See
Tex. Penal Code Ann. § 29.03.  A
firearm is considered a deadly weapon.  See
id. at
§ 1.07(a)(17)(A) (Vernon Supp. 2009).  When a deadly weapon is alleged in the
indictment as an element of the offense, the jury may find the defendant guilty
as a party only if the State proves beyond a reasonable doubt that the
defendant knew a deadly weapon would be used or exhibited.  Adkins
v. State, 274 S.W.3d 870, 875 (Tex. App.—Fort Worth 2008, no pet.); Sarmiento v. State, 93 S.W.3d 566, 570
(Tex. App.—Houston
[14th Dist.] 2002, pet. ref’d).

 

B.      The Law of Parties

          A
person is criminally responsible as a party to an offense if the offense is
committed by his own conduct, by the conduct of another for which he is
criminally responsible, or by both.  Tex. Penal Code Ann. § 7.01(a) (Vernon
2003).  A person is criminally
responsible for the conduct of another if he acts with intent to promote or
assist the commission of the offense and he solicits, encourages, directs,
aids, or attempts to aid the other person to commit the offense.  Id. at § 7.02(a)(2).  When a party is not the primary actor, the
State must prove conduct constituting an offense plus an act by the defendant
done with the intent to promote or assist such conduct.  Beier v. State, 687 S.W.2d 2, 3 (Tex.
Crim. App. 1985); Miller v. State, 83 S.W.3d 308, 313 (Tex. App.—Austin
2002, pet. ref’d).  Evidence is
sufficient to sustain a conviction under the law of parties if it shows the
defendant was physically present at the commission of the offense and
encouraged the commission of the offense either by words or by other
agreement.  Tarpley v. State, 565
S.W.2d 525, 529 (Tex. Crim. App. 1978); Miller, 83 S.W.3d at
313–14.  

          “Since
an agreement between parties to act together in common design can seldom be
proved by words, the State often must rely on the actions of the parties, shown
by direct or circumstantial evidence, to establish an understanding or a common
design to commit the offense.”  Miller,
83 S.W.3d at 314.  The agreement, if any,
must be made before or contemporaneous with the criminal event, but in determining
whether one has participated in an offense, the court may examine the events
occurring before, during, and after the commission of the offense.  Beier, 687 S.W.2d at 3–4; Miller,
83 S.W.3d at 314.  Circumstantial
evidence may suffice to show that one is a party to an offense.  Wygal v. State, 555 S.W.2d 465, 469 (Tex.
Crim. App. 1977); Miller, 83 S.W.3d at 314. 

While mere presence at
the scene is not enough to sustain a conviction, that fact may be considered in
determining whether an appellant was a party to the offense.  Valdez v. State, 623 S.W.2d 317, 321
(Tex. Crim. App. 1979) (op. on reh’g); Miller, 83 S.W.3d at 314.  If the evidence, however, shows the mere
presence of an accused at the scene of an offense, without more, then it is
insufficient to sustain a conviction as a party to the offense.  Valdez, 623 S.W.2d at 321;
Scott v. State, 946 S.W.2d 166, 168 (Tex. App.—Austin 1997, pet. ref’d).

          C. 
    Legal Sufficiency 

In a legal sufficiency review, we
consider the entire trial record to determine whether, viewing the evidence in
the light most favorable to the verdict, a rational jury could have found the
accused guilty of all essential elements of the offense beyond a reasonable
doubt.  See Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).
 We “may not re-evaluate the weight and
credibility of the record evidence and thereby substitute our judgment for that
of the [factfinder].”  Williams,
235 S.W.3d at 750.  We give deference to
the responsibility of the factfinder to fairly resolve conflicts in testimony,
to weigh evidence, and to draw reasonable inferences from the facts.  Id.     

The evidence is undisputed that
McCullough committed the aggravated robberies of Pham and Vu with a firearm,
and that appellant was with McCullough when these offenses were committed.  The evidence concerning appellant’s role in
the aggravated robberies comes from Pham and Vu.  They testified that the person with
McCullough drove McCullough to the scene, asked for the key to the Camry, and
drove off in it.  Pham also testified
that he saw appellant holding a firearm when he returned to the scene after
leaving in the Camry.  Furthermore, a
firearms expert testified the weapon used during the robberies was a
semiautomatic handgun, which was the same type of gun as the loaded gun
magazine found in appellant’s pocket.

Additionally, the jury observed a
video surveillance tape of the offense. 
Vu testified before the jury regarding his observations of the
surveillance tape.  When asked if a
person sitting in the red car could see the robbery of Pham, the gun, and the
other events occurring on the surveillance tape, Vu replied that “everything”
would be visible from the red car.  

Viewing the evidence in a light
favorable to the jury’s verdict, the evidence shows that a jury could
reasonably find beyond a reasonable doubt that appellant aided or encouraged
the robberies and was aware that a gun was used in their commission.  We hold the evidence is legally sufficient to
prove appellant’s guilt for the aggravated robberies.  See Johnson
v. State, 6 S.W.3d 709, 711 (Tex. App.—Houston [1st Dist.] 1999 pet ref’d) (holding that evidence of one participant’s
possession of gun was sufficient to sustain conclusion that “getaway” driver
was aware of gun).  

C.      Factual Sufficiency

Evidence is factually insufficient
if (1) the evidence supporting the conviction is “too weak” to support the
factfinder’s verdict or (2) considering conflicting evidence, the factfinder’s
verdict is “against the great weight and preponderance of the evidence.”  Laster
v. State, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009).  We consider all of the
evidence in a neutral light, as opposed to in a light most favorable to the
verdict.  Id.  

          In
reviewing the factual sufficiency of the evidence, we should afford almost
complete deference to a jury’s decision when that decision is based upon an
evaluation of credibility.  Lancon v.
State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).  The jury is in the best position to judge the
credibility of a witness because it is present to hear the testimony, as
opposed to an appellate court who relies on the cold record.  Id. 
The jury may choose to believe some testimony and disbelieve other
testimony.  Id. at 707.

Appellant contends that
McCullough’s testimony shows he did not participate in these offenses or know
McCullough had a firearm.  The jury,
however, could have determined McCullough lacked credibility.  McCullough gave a different version to the
police than he gave to the jury.  As
noted above, the evidence is undisputed that McCullough was with appellant when
the offenses were committed and that McCullough took property from Pham and Vu
at gunpoint.  Pham and Vu each testified
that the person with McCullough drove McCullough to the scene, took the keys to
the Camry, and drove away in the Camry. 
Additionally, Vu testified regarding the surveillance video, noting that
the robbery and gun were clearly visible from the red car and that someone in
the red car could have seen “everything” that occurred.

Giving due deference to the jury’s
weighing of the evidence, a neutral examination of the evidence shows that a
jury could reasonably find beyond a reasonable doubt that appellant aided or
encouraged the robberies and was aware that a gun was used in their
commission.  It further shows that the
evidence is not so weak that the jury’s finding appellant guilty of aggravated
robbery is clearly wrong or manifestly unjust, and that the determination of
guilt is not against the great weight and preponderance of the evidence.  We hold the evidence is factually sufficient
to prove appellant’s guilt for aggravated robbery.  See
Johnson, 6 S.W.3d at 712. 

Conclusion

          We affirm the convictions.

 

                                                                   

 

                                                                   Elsa
Alcala

                                                                   Justice

 

Panel consists of Justices Alcala, Jennings, and
Massengale.

Do not publish. 
Tex. R. App. P. 47.2(b).

 











[1]
          Appellate cause number 01-08-00185-CR
is count one of the trial cause number 44486 that alleges the aggravated
robbery of Thanh Pham. Appellate cause number 01-10-00417-CR is count two of
the same trial cause number that alleges the aggravated robbery of Duc Vu.