Francisco Javier **SARMIENTO**,
Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–00–01297–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 14, 2002.

---

Yalila Guerrero, Houston, for appellants.

Kelly Ann Smith, Houston, for appellees.

## OPINION ON STATE'S MOTION FOR EN BANC RECONSIDERATION

J. HARVEY HUDSON, Justice.

In a unanimous panel opinion, this Court affirmed appellant's conviction, but reformed the judgment of the trial court to delete an affirmative finding of the use or exhibition of a deadly weapon during the commission of the offense. The panel acknowledged conflicting authority regarding the propriety of an affirmative finding, but was obliged by *stare decisis* to follow previous panel opinions of this Court. The State has asked that we reconsider our interpretation of Article 42.12 of the Texas Code of Criminal Procedure in light of the conflicting authority cited in our original opinion. After en banc reconsideration, we affirm the judgment of the trial court without qualification or reformation. Accordingly, for the reasons set forth below, we do not withdraw our previous unpublished panel opinion, but merely withdraw that portion of the opinion deleting the affirmative finding of a deadly weapon from the trial court's judgment.

Francisco Javier Sarmiento, the appellant, was convicted of aggravated robbery. The jury was authorized by the court's charge to convict appellant either as a principal or as a party to the offense. Because the jury did not make an affirmative finding that appellant either used a weapon or knew a weapon would be used in the commission of the offense, appellant contends the trial court was not authorized to enter an affirmative finding of a deadly weapon on the judgment. We disagree.

In 1977, the Legislature amended Article 42.12 to provide, in appropriate cases, for the affirmative finding of the use or exhibition of a deadly weapon. Such a finding could be made if it was shown by the evidence "that the defendant used or exhibited a deadly weapon ... during the commission of a felony offense or during immediate flight therefrom." Act of May 30, 1977, 65th Leg., R.S., ch. 347, 1977 Tex. Gen. Laws 925, 926. Upon making such a finding, the trial court was instructed to "enter the finding in the judgment of the court." *Id.* After the 1977 amendment, trial courts began to routinely enter affirmative findings in appropriate cases.

An issue soon arose, however, regarding the propriety of entering an affirmative finding in cases where the defendant was convicted as a party. In June of 1982, Lloyd Sherman Travelstead and his friend Stephen Oates executed a plan to murder Travelstead's step-father, Bob Yarbrough.

*See Travelstead v. State,* 693 S.W.2d 400, 401 (Tex.Crim.App.1985). Travelstead loaded a shotgun as the two men drove to the victim's residence. Upon their arrival, Travelstead handed the shotgun to Oates. When Yarbrough opened the front door of his home, Oates shot the victim causing him to fall to the floor. Whereupon, Travelstead said to Oates, "Shoot him, shoot him. Make sure he is dead." *Id.* Oates then shot Yarbrough a second time. Travelstead was subsequently convicted of murder under the law of parties, and an affirmative finding of the use or exhibition of a deadly weapon was included in the judgment.

Because Travelstead was not the "triggerman," he argued it was inappropriate for the trial court to make an affirmative finding in his case. The Court of Criminal Appeals agreed. In 1985, the Court wrote:

> We find that the phrase "the defendant used or exhibited a deadly weapon" implies that the defendant, himself, use or exhibit a deadly weapon during the commission of a felony or flight therefrom. When a defendant is a party ... to the use or exhibition of a deadly weapon, there must be a specific finding by the trier of facts that *the defendant himself used or exhibited the deadly weapon.*

*Id.* at 402. (emphasis added).

Being an intermediate court, we immediately adhered to the interpretation of Article 42.12 set forth in *Travelstead. See Gonzales v. State,* 697 S.W.2d 35, 38 (Tex. App.-Houston [14th Dist.] 1985, pet. ref'd); *LeBlanc v. State,* 737 S.W.2d 865, 870 (Tex.App.-Houston [14th Dist.] 1987, pet. ref'd). Although we expressed reservations about the wisdom of *Travelstead,* the Court of Criminal Appeals did not deviate from its interpretation of Article 42.12, and we continued to hold that when a defendant is convicted as a party, an affirmative

finding of a deadly weapon must be supported by evidence and a finding that the defendant himself used or exhibited the weapon. *Ray v. State,* 764 S.W.2d 406, 414 (Tex.App.-Houston [14th Dist.] 1988, pet. ref'd) ("If this court were writing on a blank slate, we would be inclined to follow the State's rationale in overruling appellant's point of error. The State presents persuasive, commonsense arguments that the person persuading the triggerman to pull the trigger should be held to the same amount of accountability and punishment as the triggerman.").

The Legislature effectively overruled *Travelstead* when, in 1991, it amended Article 42.12 to provide for an affirmative finding of a deadly weapon if "the defendant used or exhibited a deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited." Act of May 25, 1991, 72nd Leg., R.S., ch. 541, 1991 Tex. Gen. Laws 1876.

In light of the 1991 amendment, this Court modified its holding on the issue. We held that when a defendant is convicted as a party, an affirmative finding of a deadly weapon must be supported either by a specific finding that (1) the defendant himself used or exhibited a deadly weapon or (2) the defendant knew a deadly weapon would be used or exhibited in the commission of the offense. *Pritchett v. State,* 874 S.W.2d 168, 172–73 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd); *Mulanax v. State,* 882 S.W.2d 68, 71 (Tex.App.-Houston [14th Dist.] 1994, no pet.). Moreover, we held in *Tate v. State,* 939 S.W.2d 738, 753–54 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd) that no "implied finding" of the use or exhibition of a deadly weapon may be made on the basis of a general verdict.

Our holding in *Tate,* however, was poorly reasoned. There, as here, the defendant was charged with aggravated robbery

by using and exhibiting a deadly weapon, namely, a firearm.[1] Likewise, in both cases, the jury found the defendant guilty "as charged in the indictment." [2] Moreover, the State argued in *Tate*, as it does here, that by its verdict the jury "necessarily found" the defendant was either the primary offender or a knowing participant to the offense. Relying on *Polk v. State*, 693 S.W.2d 391 (Tex.Crim.App.1985), we held no such implied finding was possible. *Tate*, 939 S.W.2d at 753–54. *Polk*, however, *supports the State's contention.*

In *Polk*, the defendant was charged with attempted murder "by stabbing and cutting" the complainant "with a knife." *Polk*, 693 S.W.2d at 393. A knife is not a deadly weapon per se (and the indictment did not allege it to be a deadly weapon), but the State argued that its deadly character could be implied because it was used in an attempted murder and, thus, the trial court was authorized to enter an affirmative finding of a deadly weapon. The Court of Criminal Appeals rejected the State's argument and held that an affirmative finding of deadly weapon must be supported by an "express," not an "implied," finding. *Id.* at 396. But the Court observed that where an indictment specifically alleges, as it does here, that the defendant used or exhibited a deadly weapon in the commission of the offense, and the jury finds the defendant "guilty as charged in the indictment," the jury has necessarily made a *de facto* finding that the defendant used or exhibited a deadly weapon in the commission of the offense. *Id.* at 393, 396. Thus, in such cases the

trial court is authorized to enter an affirmative finding on the judgment. *Id.* at 396 (holding the trial court may enter an affirmative finding where "the deadly weapon or firearm has been specifically pled as such (using the nomenclature 'deadly weapon') in the indictment ... [and] the verdict reads 'guilty as charged in the indictment'.")

Thus, we find by its amendment of Article 42.12, the Legislature has authorized the entry of an affirmative finding of the use or exhibition of a deadly weapon even against a defendant who never used or brandished a deadly weapon during the commission of the offense, so long as he (1) was a party to an offense where a deadly weapon was used or exhibited and (2) knew such a weapon would be used or exhibited. The obvious intent of the statute was to discourage, by punitive measures, the use of deadly weapons in criminal activity.

It is conceivable that a deadly weapon could be "used" by a codefendant in the commission of some offenses without the knowledge, assent, or approval of an accomplice. For example, carrying a concealed weapon during a drug transaction is considered "use" of a deadly weapon even if none of the parties to the transaction are aware of the weapon. *See Patterson v. State*, 769 S.W.2d 938, 942 (Tex.Crim.App. 1989) (holding mere possession of a firearm protected and facilitated defendant's care, custody, and management of narcotics). Thus, if two persons are engaged in possessing, manufacturing, or delivering

---

1. Here, appellant's indictment alleges, in pertinent part, that he:

   ... did then and there unlawfully, while in the course of committing theft of property owned by PEDRO NISTAL and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place PEDRO NISTAL in fear of immi-

nent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to-wit: A FIREARM.

2. Here, the jury's verdict states:

   We the Jury, find the defendant, Francisco Javier Sarmiento, guilty of aggravated robbery, as charged in the indictment.

contraband, and the defendant is unaware that his partner is carrying a concealed handgun, no deterrent effect could be achieved by punishing the defendant for his codefendant's "use" of a weapon. In such cases, a specific finding that the defendant knew a weapon would be used or exhibited is a prerequisite to an affirmative finding.

However, where the use of a deadly weapon is an element of the offense, the State automatically carries the burden of proving the defendant knew a weapon would be used or exhibited in the commission of the offense. In other words, even as a party, a defendant cannot be convicted unless his participation is accompanied with the intent "to promote or assist the commission *of the offense.*" TEX. PEN.CODE ANN. § 7.02(a)(2) (Vernon 1994) (emphasis added). The offense here was aggravated robbery, and the use of a deadly weapon was alleged in the indictment as an element of the offense. Thus, before jurors were authorized to find appellant guilty, *even as a party,* they first had to believe beyond a reasonable doubt that appellant knew a deadly weapon would be used in the commission of the offense. *See Johnson v. State,* 6 S.W.3d 709, 714 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). By its verdict, the jury necessarily made the factual finding to support the entry of an affirmative finding of the use or exhibition of a deadly weapon upon the judgment.

To the extent that *Pritchett, Mulanax,* and *Tate* conflict with this opinion, they are overruled. The judgment of the trial court is affirmed.