Affirmed and Memorandum Opinion filed September 4, 2003









Affirmed and Memorandum Opinion filed September 4,
2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00676-CR

____________

 

SAUL ANANIAS ALVAREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 875,232

 



 

M
E M O R A N D U M   O P I N I O N

A
jury found appellant guilty of aggravated robbery and assessed punishment at
life imprisonment in the Texas Department of Criminal Justice, Institutional
Division and a fine of $10,000. 
Appellant now argues that (1) the trial court erred by entering an
affirmative deadly weapon finding, and (2) the trial court erred by not explicitly
applying the law of the parties in the jury charge.  We affirm.

 

 








FACTUAL
AND PROCEDURAL BACKGROUND

Appellant
and five men broke into the Quintanilla apartment.  While inside, the six men bound the two
Quintanilla sisters and beat their boyfriends with weapons.  Appellant and the men raped the women and
ransacked the apartment.  They stole a
truck, a large television, two stereos, a VCR, cash, credit cards, and all the
jewelry on the victims and in the apartment.

At
trial, one of the Quintanilla sisters testified she saw appellant in her
apartment with a gun.  The other sister
testified appellant threatened her with death if she did not reveal her
boyfriend=s password to his bank card.  Because the victims were forced to lie with
their faces on the floor covered with towels, they could not identify what
items appellant specifically took from the apartment.  Appellant objected to the jury charge arguing
the application paragraph did not adequately apply the law of the parties to
the facts.  The trial court overruled
appellant=s objection, and the jury found
appellant guilty of aggravated robbery.

DISCUSSION

Appellant
raises two points of error.  First, he
contends the trial court erred by entering an affirmative deadly weapon finding
in the judgment.  Second, he argues the
trial court erred in the jury charge by not explicitly applying the law of the
parties to the facts of the case.

I.       Deadly Weapon Finding








Previously,
this Court held that a trial court could not enter an affirmative deadly weapon
finding if the trial court charged the jury on the law of the parties but did
not submit a question asking whether the defendant used or exhibited a deadly
weapon.  See Pritchett v. State,
874 S.W.2d 168, 172 (Tex. App.CHouston [14th Dist.] 1994, no pet.);
Mulanax v. State, 882 S.W.2d 68, 71
(Tex. App.CHouston [14th Dist.] 1994, no pet.);
Tate v. State, 939 S.W.2d 738, 753B54 (Tex. App.CHouston
[14th Dist.] 1997, pet. ref=d) (holding that A[i]n order for an affirmative finding to stand on the law of
the parties, there must have been a specific finding that appellant knew a
deadly weapon would be used or exhibited.@). 
Here, appellant raises this precise issue.  However, recently, in an en banc opinion, we
revisited this issue and held that a trial court may enter a deadly weapon
finding if the jury, by its verdict, made the factual conclusion to support a
deadly-weapon finding.  Sarmiento v. State, 93 S.W.3d 566 (Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d) (en banc).[1]


In
Sarmiento, a jury convicted appellant of
aggravated robbery.  See id.
at 567.  The jury did not make an
affirmative finding that appellant used a weapon or knew a weapon would be
used.  Id.  However, we held that the jurors first
had to Abelieve
beyond a reasonable doubt that appellant knew a deadly weapon would be used in
the commission of the offense@ before they could find the
defendant guilty.  Id. at 570; see
also Polk v. State, 693 S.W.2d 391, 394 (Tex. Crim.
App. 1985) (holding that when an indictment specifically alleges that a
defendant used a deadly weapon and the jury finds the defendant guilty of the
crime, the jury has made a de facto finding that the defendant used or
exhibited a deadly weapon in the commission of the crime).  We held, A[b]y its verdict, the jury
necessarily made the factual finding to support the entry of an affirmative
finding of the use or exhibition of a deadly weapon upon the judgment.@  Sarmiento,
93 S.W.3d at 570. 

Here,
as in Sarmiento, the State indicted appellant
for aggravated robbery.  The State did
not present the jury with the specific question whether appellant used or knew
that a deadly weapon would be used. 
Nonetheless, the jury through its verdict, found that appellant used or
knew a deadly weapon would be used when committing the crimes.  The trial court did not err when it entered
an affirmative deadly weapon finding in the judgment, and we overrule appellant=s
first issue.

 

 








II.      Law of the Parties

Next,
appellant contends the trial court erred by not explicitly applying a
law-of-the- parties instruction to the facts of the case in the jury
charge.  Without determining that
question, we find a law-of-the-parties instruction was innocuous and the trial
court was not required to give that instruction.

First,
this Court must determine whether the trial court was required to give an
instruction on law of the parties.  If
ample evidence demonstrates appellant as a primary actor, the trial court is
not obligated to properly charge the jury on law of the parties.  See Black v. State, 723 S.W.2d 674,
675 (Tex. Crim. App. 1986) (holding that where the
evidence clearly supports a defendant=s guilt as a primary actor, error in
charging on the law of parties is harmless). 
On the other hand, if the evidence is not sufficient to sustain a
conviction as a primary actor, the trial court should give an applicable law of
the parties instruction.  McCuin v. State, 505 S.W.2d 827, 830 (Tex. Crim. App. 1974).  To
determine whether appellant was a primary actor or was a party to the offense,
we follow the guideline set forth in McCuin,
which states the following: 

Where the evidence introduced upon
the trial of the cause shows the active participation in the offense by two or
more persons, the trial court should first remove from consideration the acts
and conduct of the non-defendant actor. 
Then, if the evidence of the conduct of the defendant then on trial
would be sufficient, in and of itself, to sustain the conviction, no submission
of the law of principals is required.       


McCuin,
505 S.W.2d at 830; Durham v. State, 16 S.W.2d 1092, 1095 (Tex. Crim. App. 1929) (holding A[w]hen the evidence shows that the
accused on trial was a principal actor in the commission of the offense, no
charge on principals would be necessary, although the proof may also disclose
that in doing the criminal act another took an equal part.@).









Here,
removing the acts of every actor except appellant, sufficient evidence
established that appellant was a primary actor. 
Three victims gave positive identifications that appellant was one of
the six men who broke into the apartment. 
One of the Quintanilla sisters testified appellant brandished a gun when
he first entered the apartment.  Both
sisters testified appellant tied their hands and covered their faces.  One sister stated appellant demanded money
and the password to her boyfriend=s bank account, and he threatened
that she Abetter cooperate with them and give
them the bank account number.@ 
He also said that if she Adidn=t
tell them what number it was, they were going to kill [her] because the rest of
them were already dead.@ 
The victims could not testify specifically that appellant was the
individual who stole the victim=s truck, and many items from the
apartment.  However, they could testify
that six men broke into their apartment with guns and stole all of these
items.  They all testified appellant was
one of the six men.

We
overrule appellant=s second issue, and affirm the
judgment of the trial court.

 

 

 

 

 

/s/        Wanda
McKee Fowler

Justice

 

 

Judgment rendered and Memorandum
Opinion filed September 4, 2003.

Panel consists of Chief Justice Brister and Justices Fowler and Edelman.

Do Not Publish C
Tex. R. App. P. 47.2(b).

 











[1]  In that
opinion, we also overruled Pritchett, Mulanax, and
Tate to the extent that those opinions contradicted Sarmiento.  See Sarmiento,
93 S.W.3d at 570.  Appellant relies upon Pritchett
and Mulanax extensively for his argument.