Affirmed and Memorandum Opinion filed March 11, 2004









Affirmed and Memorandum Opinion filed March 11, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00518-CR

____________

 

WILLIAM CASTILLO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 122nd
District Court

Galveston County, Texas

Trial Court Cause No. 02CR2506

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of
aggravated robbery and assessed punishment at seven years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In a single issue, appellant contends that
the court erred in entering an affirmative finding of the use or exhibition of
a deadly weapon without the submission of a special issue.  We affirm.

FACTUAL BACKGROUND








On October 22, 2002, a car pulled in front
of the complainant as he walked home from work. 
A passenger exited the car, pointed a gun at the complainant, and
demanded all of the complainant=s money.  The complainant gave the robber his money and
was allowed to leave.  The complainant
then called the police.

Later that night, the police arrested
appellant and two others.  The
complainant identified appellant as the robber. 

ANALYSIS

In his issue, appellant contends that the
trial court erred in entering an affirmative finding of the use or exhibition
of a deadly weapon.  The jury charge on
guilt contained an instruction on the law of parties, but there was no special
issue regarding appellant=s knowledge as to whether a deadly weapon
would be used or exhibited during the commission of the offense.

Previously, this Court held that a trial
court could not enter an affirmative deadly weapon finding if the trial court
charged the jury on the law of the parties but did not submit a question asking
whether the defendant knew a deadly weapon would be used or exhibited.  See Pritchett v. State, 874
S.W.2d 168, 172 (Tex. App.CHouston [14th
Dist.] 1994, no pet.); Mulanax v. State, 882 S.W.2d 68, 71 (Tex. App.CHouston [14th
Dist.] 1994, no pet.); Tate v. State, 939 S.W.2d 738, 753B54 (Tex. App.CHouston [14th Dist.]
1997, pet. ref=d) (holding that A[i]n order for an
affirmative finding to stand on the law of the parties, there must have been a
specific finding that appellant knew a deadly weapon would be used or
exhibited.@). 
Here, appellant raises this precise issue.  However, recently, in an en banc opinion, we
revisited this issue and held that a trial court may enter a deadly weapon
finding if the jury, by its verdict, made the factual conclusion to support a
deadly‑weapon finding.  Sarmiento
v. State, 93 S.W.3d 566 (Tex. App.CHouston [14th Dist
.] 2002, pet. ref=d) (en banc).[1]








In Sarmiento, a jury convicted
appellant of aggravated robbery.  See
id. at 567.  The jury did not make
an affirmative finding that appellant used a weapon or knew a weapon would be
used.  Id.  However, we held that the jurors first had to
Abelieve beyond a
reasonable doubt that appellant knew a deadly weapon would be used in the
commission of the offense@ before they could find the defendant
guilty.  Id.  at 570; see also Polk v. State,
693 S.W.2d 391, 394 (Tex. Crim. App. 1985) (holding that when an indictment
specifically alleges that a defendant used a deadly weapon and the jury finds
the defendant guilty of the crime, the jury has made a de facto finding that
the defendant used or exhibited a deadly weapon in the commission of the
crime).  We held, A[b]y its verdict,
the jury necessarily made the factual finding to support the entry of an
affirmative finding of the use or exhibition of a deadly weapon upon the
judgment.@  Sarmiento,
93 S.W.3d at 570.

Here, as in Sarmiento, the State
indicted appellant for aggravated robbery. 
The State did not present the jury with the specific question whether
appellant used or knew that a deadly weapon would be used.  Nonetheless, the jury through its verdict,
found that appellant used or knew a deadly weapon would be used when committing
the crimes.  The trial court did not err
when it entered an affirmative deadly weapon finding in the judgment, and we
overrule appellant=s first issue.

We affirm the judgment of the trial court.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed March 11, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  In that
opinion, we also overruled Pritchett, Mulanax, and Tate to
the extent that those opinions contradicted Sarmiento.  See Sarmiento, 93 S.W.3d at
570.  Appellant relies upon Pritchett
and Tate extensively for his argument.