Opinion issued October 4, 2007 






 













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00979-CR

__________


KASAAN ALI JOHNSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1069179






MEMORANDUM OPINION

 A jury found appellant, Kasaan Ali Johnson, guilty of the offense of aggravated
robbery (1) and assessed his punishment at confinement for 50 years. In his sole point
of error, appellant contends that the judgment must be modified "to delete the finding
of a deadly weapon." 

 We affirm. Background

 The complainant, Gilberto Jiminez, testified that while standing outside his
apartment early one morning, he became scared when he saw a group of
approximately three men. A red laser hit his eyes, and he initially thought that the
men "were just going to fool around." However, the complainant then heard "really
fast footsteps," and, as he tried to return inside his apartment, the men ran up to him,
instructed him to enter his apartment, pointed a black gun at his head, and pushed him
inside. Approximately five to six men then pushed him into his living room, where
his brother, brother-in-law, and infant son were sleeping. He was in fear for the lives
of his family and himself as the men instructed him to lie on the floor and tied him up. 
One of the men put his boot on top of the complainant's head and threatened to shoot
him with a silver gun that the complainant described as having "a laser on the side." 
The complainant could also hear his wife in the kitchen screaming. 

 The men placed some property in the diaper bag of the complainant's son and
hit the complainant's brother-in-law in the head with the "silver gun." The last man
to leave the apartment was holding a gun, and he told the complainant and his family
that if anyone got up or left the apartment he would shoot them. The complainant
identified this man as appellant. Once the men left, the complainant checked on his
family, opened his apartment door, and again saw appellant looking back. On cross-examination, the complainant confirmed that he saw two guns during the robbery. 
In response to a question as to when he first saw appellant, the complainant answered,
"The first one when he had the gun pointed at my head outside."

 Rebecca Garcia, the complainant's wife, testified that after she heard some men
telling her husband to get inside their apartment, she walked into the hallway of her
apartment and saw four men, two or three of whom were holding guns. The men told
her to go to her kitchen, and she complied. Appellant, whom she had seen on
previous occasions selling makeup at the apartment complex, entered the kitchen and
went through her pockets. Garcia told appellant that she recognized him, but
appellant claimed that she was mistaken. Appellant, who was holding a black "laser
gun" at this point, instructed Garcia to remove her shirt and told her that she was
"going to give it up." Garcia removed her shirt, believing that she was going to be
raped. However, when Garcia refused to remove her pants, appellant left the kitchen. 
The men, including appellant, subsequently tied Garcia up and kicked her. 

 Garcia confirmed that when the men "pointed the weapon and told [her] to take
[her] shirt off," she thought that she and her family were "going to die." On cross-examination, Garcia reiterated that two men were holding guns when they entered
their apartment and that appellant was holding a gun when he came into the kitchen. 
Although Garcia occasionally characterized one of the weapons as a black "laser
gun," she further stated that she believed it was a gun and that she feared she was
going to be raped and shot.

Deadly Weapon Finding

 In his sole point of error, appellant argues that the judgment must be modified
"to delete the finding of a deadly weapon" because he "was prosecuted as a party to
the offense and the trial court failed to submit a special issue to the jury on the subject
of whether [he] personally used or exhibited a deadly weapon or knew that a weapon
would be used or exhibited by another party to the offense." Appellant asserts that
"there is no evidence that he personally used or exhibited a deadly weapon in the
commission of the offense" and that the State failed to elicit specific testimony
regarding "which of the intruders had weapons."

 In a jury trial, a trial court is required to enter a deadly-weapon affirmative
finding when (1) the jury has found guilt as alleged in the indictment and the deadly
weapon has been specifically pleaded in the indictment; (2) the jury has found the 
defendant guilty as alleged in the indictment, and, though not specifically pleaded as
a deadly weapon, the weapon pleaded is per se a deadly weapon; or (3) the jury has
affirmatively answered a special issue on deadly-weapon use. See Rodriguez v. State,

129 S.W.3d 551, 561-62 (Tex. App.--Houston [1st Dist.] 2003, pet. ref'd) (citing
Vasquez v. State, 56 S.W.3d 46, 47 (Tex. Crim. App. 2001)). Evidence that a
defendant personally used or exhibited a deadly weapon is not necessarily required
when the defendant is charged as a party to an aggravated robbery. Sarmiento v.
State, 93 S.W.3d 566, 569 (Tex. App.--Houston [14th Dist.] 2002, pet. ref'd). 
Rather, when a defendant is charged as a party to an offense, evidence that he knew
a deadly weapon would be used or exhibited may be sufficient to support a deadly
weapon finding. Johnson v. State, 6 S.W.3d 709, 714 (Tex. App.--Houston [1st
Dist.] 1999, pet. ref'd).

 Here, the indictment alleged that appellant, in the course of committing a theft,
committed the felony offense of aggravated robbery by intentionally and knowingly
threatening and placing the complainant in fear of imminent bodily injury and death
and using and exhibiting a deadly weapon, namely, a firearm. In its charge, the trial
court instructed the jury that it could convict appellant of aggravated robbery either
as a principal actor or as a party to the offense. (2) The jury returned a verdict finding
appellant "guilty of aggravated robbery, as charged in the indictment," and the trial
court entered a judgment containing an affirmative finding that appellant "used or
exhibited a deadly weapon, namely, a firearm, during the commission of a felony
offense or during immediate flight therefrom or was a party to the offense and knew
that a deadly weapon would be used or exhibited." 

 In support of his argument that, because the jury was instructed on the law of
parties, the jury was required to expressly state that the defendant either used or
exhibited a deadly weapon or knew that one would be used or exhibited, appellant
cites Barnes v. State, 56 S.W.3d 221, 240 (Tex. App.--Fort Worth 2001, pet. ref'd),
and Taylor v. State, 7 S.W.3d 732, 740-41 (Tex. App.--Houston [14th Dist.] 1999,
pet. ref'd). However, as this Court has previously noted in its opinion in Rodriguez,
our sister court has more recently joined this Court in rejecting any such rule and
expressly overruling the authority on which the cited portions of Barnes and Taylor
were based. 129 S.W.3d at 561-62; see Sarmiento, 93 S.W.3d at 569-70 (overruling
Pritchett v. State, 874 S.W.2d 168, 172-73 (Tex. App.--Houston [14th Dist.] 1994,
pet. ref'd), and Mulanax v. State, 882 S.W.2d 68, 71 (Tex. App.--Houston [14th
Dist.] 1994, no pet.)). 

 The Sarmiento court stated that "where the use of a deadly weapon is an
element of the offense, the State automatically carries the burden of proving the
defendant knew a weapon would be used or exhibited in the commission of the
offense." Id. at 570. The Sarmiento court noted,

The offense here was aggravated robbery, and the use of a deadly
weapon was alleged in the indictment as an element of the offense.
Thus, before jurors were authorized to find appellant guilty, even as a
party, they first had to believe beyond a reasonable doubt that appellant
knew a deadly weapon would be used in the commission of the offense.
By its verdict, the jury necessarily made the factual finding to support
the entry of an affirmative finding of the use or exhibition of a deadly
weapon upon the judgment.


Id. (citations omitted) (emphasis added). 

 Here, as previously noted by this Court in Rodriguez and Johnson, and as noted
by our sister court in Sarmiento, even if the jury found appellant guilty as a party, (3) 
before the jury could have convicted him, it necessarily would have found that he
intended to promote or assist the other men in robbing the complainant with a deadly
weapon and that he knew a deadly weapon would be used in the commission of the
offense. See Rodriguez, 129 S.W.3d at 561-62; Johnson, 6 S.W.3d at 714;
Sarmiento, 93 S.W.3d at 570. We hold that the trial court did not err in not
submitting a special issue on whether appellant personally used or exhibited a deadly
weapon or knew that a weapon would be used or exhibited by another party to the
offense. We further hold that the trial court did not err in entering a deadly weapon
finding in its judgment. Accordingly, we deny appellant's request to modify the
judgment or delete the deadly weapon finding. 

 We overrule appellant's sole point of error. 

Conclusion

 We affirm the judgment of the trial court.


 

 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Do not publish. See Tex. R. App. P. 47.2(b).

1. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003) (stating that person commits
offense of aggravated robbery if, in course of committing theft, he intentionally or
knowingly threatens or places another in fear of imminent bodily injury or death and
uses or exhibits deadly weapon). 
2. See Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 2003) (stating that "[a] person is
criminally responsible for an offense committed by the conduct of another if . . .
acting with intent to promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person to commit the offense").
3. We note that, contrary to appellant's representations in his briefing, our review of the
record reveals some evidence that appellant personally used or exhibited a deadly
weapon in the commission of the offense.