Affirmed and Memorandum Opinion filed June 30, 2009








Affirmed and Memorandum Opinion filed June 30, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00476-CR

_______________

 

JUSTIN GLEN McTIER, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1126387 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury
found appellant, Justin Glen McTier, guilty of murder and assessed punishment
at imprisonment for life in the Texas Department of Criminal Justice,
Institutional Division.  On appeal, appellant argues that the trial court erred
by entering an affirmative deadly weapon finding.  Because we find no
reversible error, we affirm.

 

 








Background

On July
14, 2007, appellant and another person, Brandon Butler, shot and killed the
complainant, Melissa Flores.  Appellant was indicted for murder and, after
pleading Anot guilty,@ was tried before a jury.  The charge authorized the jury to
convict appellant either as a principal or as a party to the offense.  The jury
found appellant Aguilty of murder, as charged in the indictment.@[1]  The jury sentenced appellant to
life imprisonment and the trial court made an affirmative finding that a deadly
weapon was used during commission of the offense.  Appellant now appeals. 

Analysis 








In the
sole issue presented on appeal, appellant asks us to reform the trial court=s judgment to delete the affirmative
finding that a deadly weapon was used during the commission of the offense.  He
argues that the trial court was not authorized to enter the affirmative finding
in the judgment because the jury did not make an express deadly-weapon finding
that appellant either used a deadly weapon or knew that a weapon would be used
in the commission of the offense.  In response, the State contends the jury necessarily
made an express deadly weapon finding inasmuch as use of a deadly weapon was
included in the indictment as an element of the offense and the jury found
appellant Aguilty of murder, as charged in the indictment.@

Appellant=s argument relies upon Travelstead
v. State, in which the Court of Criminal Appeals held that there must be a
specific finding by the trier of fact that the defendant personally used or
exhibited a weapon if the defendant is charged as a party.  693 S.W.2d 400, 402 (Tex. Crim.
App. 1985).  However, in 1991, the legislature effectively overruled Travelstead
when it amended Article 42.12 to provide for an affirmative finding of a deadly
weapon if Athe defendant used or exhibited the deadly weapon or was a party
to the offense and knew that a deadly weapon would be used or exhibited.@  Act of May 25, 1991, 72nd Leg.,
R.S., ch. 541, 1991 Tex. Gen. Laws 1876 (current version at Tex. Code Crim. Proc
art. 42.12 ' 3g(a)(2) (Vernon Supp. 2008)) (emphasis added); see Sarmiento v. State, 93
S.W.3d 566, 568 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (en banc).  A trial court may
enter a deadly-weapon finding if the jury, by its verdict, necessarily made a
factual conclusion to support the finding.  See Sarmiento, 93 S.W.3d at
569. 

In Sarmiento,
a jury convicted the defendant of aggravated robbery.  See id. at
567.  The jury did not make an affirmative finding that appellant used a weapon
or knew a weapon would be used.  Id.  However, because the use of a
deadly weapon was an element of the offense charged, the court held that the
State carried its burden of proving the defendant knew a weapon would be used
or exhibited in the commission of the offense.  Id. at 570.  Thus, the
jury necessarily made a de facto finding, because the indictment
specifically alleged that the use or exhibition of a deadly weapon was an
element of the offense and the jury found the defendant Aguilty as charged in the indictment.@  Id. at 569.  








Here,
the indictment charged appellant with murder and specifically alleged the use
of a deadly weapon.  Therefore, the jury could not have convicted appellant of
murder, even as a party, unless it found his participation in the offense was
accompanied by the intent to promote or assist the commission of the offense. 
See Tex. Penal Code Ann. ' 7.02(a)(2) (Vernon 2003).  Because
use of a deadly weapon was an element of the offense, before the jury could
have convicted appellant, it also must have believed beyond a reasonable doubt
that he knew that a deadly weapon would be used in the commission of the
offense.  See Sarmiento, 93 S.W.3d at 570.  Therefore, by its verdict,
the jury necessarily made a factual finding to support the entry of an
affirmative finding of the use of a deadly weapon in the judgment.  See id. 
We overrule the sole issue presented on appeal. 

Conclusion

Finding
no error in the appellate record, we affirm. 

 

 

/s/        Kent
C. Sullivan

Justice

 

Panel consists of Justices Yates, Guzman, and Sullivan.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]           The indictment alleged as follows:

The duly organized Grand Jury of Harris County, Texas,
presents in the District Court of Harris County, Texas, that in Harris County,
Texas, JUSTIN GLEN MCTIER, hereafter styled the Defendant, heretofore on or
about JULY 14, 2007, did then and there unlawfully, intentionally and knowingly
cause the death of MELISSA FLORES, hereinafter called the Complainant, by
SHOOTING THE COMPLAINANT WITH A DEADLY WEAPON, NAMELY A FIREARM.

 

It is
further presented that in Harris County, Texas, JUSTIN GLEN MCTIER, hereinafter
styled the Defendant, heretofore on or about JULY 14, 2007, did then and there
unlawfully intend to cause serious bodily injury to MELISSA FLORES, hereinafter
called the Complainant, and did cause the death of the Complainant by
intentionally and knowingly committing an act clearly dangerous to human life,
namely BY SHOOTING THE COMPLAINANT WITH A DEADLY WEAPON, NAMELY A FIREARM.