Affirmed and Memorandum Opinion filed December 22, 2009

 

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00238-CR



 

Kenneth  Ray Roberson, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1088327



 

MEMORANDUM OPINION

 

            A jury convicted Appellant
Kenneth Ray Roberson of aggravated robbery.  On appeal, appellant contends (1)
the evidence identifying him as the perpetrator was legally and factually
insufficient and (2) the trial court erred in making an affirmative finding
that appellant used a deadly weapon when he committed the offense.  Finding no
error, we affirm the trial court’s judgment. 

I.   Background

            Early in the
morning of October 9, 2006, the complainant was working at the Green Room, a
members-only, illegal gambling establishment in The Highlands, Texas, a
community on the east side of Houston, Texas.  The Green Room’s door was always
locked, and members had to ring a buzzer to alert a worker on the inside to let
them in.  Around 4:30 a.m., the complainant heard someone ringing the buzzer. 
She looked at the monitor and recognized the man ringing the buzzer as “Kenny,”
a member whom she had seen at the Green Room on two prior occasions.  The
complainant opened the door for him and said, “Hey Kenny.”  He signed “Kenny”
on the Green Room’s sign-in sheet and paid the requisite five dollars to enter
the establishment.  The complainant would later identify appellant at trial as
the same “Kenny” who robbed her at the Green Room that morning.  

According to the complainant, appellant behaved
unusually that morning, causing her to worry something was amiss.  Concerned, the
complainant pulled her gun out of her purse and placed it in her sweatshirt pocket. 
While doing so, she looked at a video monitor and observed a man, who was not a
member, lightly knocking on the club’s door.  In response, appellant stood up from
his machine and, against club policy, opened the door for the non-member.  

The complainant asked both men to leave and attempted
to return appellant’s five dollars from cash she had in her pocket.  Appellant’s
new companion ignored her request, and instead walked past her towards another
club patron, “Gary,” the only other person in the Green Room.  After speaking
with Gary, the man drew a gun, put it to Gary’s side, and ordered Gary to turn
over his money.  Gary complied.  When the gun was withdrawn from his side, Gary
tried to grab it.  However, the assailant struck him with it on the back of his
neck, knocking him to the ground.   

            Appellant ordered
the complainant to turn over her money, and he yanked cash from her pocket.  He
pulled her hair and slammed her against the counter, hitting her face

and chipping her tooth.  Appellant’s
friend approached the complainant with his gun in hand, prompting her to fire
two shots.  The first shot hit her own elbow and the second hit appellant’s companion
in the leg.  Appellant grabbed the complainant by her hair and pulled her
behind the counter where he grabbed cash out of an unlocked box.  Thereafter,
he fled the Green Room.    

            When the police
arrived, the complainant and Gary, separately, gave a physical description of
appellant from which the Harris County Sheriff’s Office constructed a photo array. 
Later, the complainant and Gary separately identified appellant from the photo
array as the robber, “Kenny.”  

            At trial, appellant
testified he did not answer to the name “Kenny” even though his name was
Kenneth.  He claimed his handwriting did not match Kenny’s signature in the Green
Room’s logbook.  He also indicated that did not know the man with whom he was
alleged to have committed the robbery or the girl normally seen with Kenny.  

Additionally, appellant provided an alibi that,
several hours after the robbery occurred, he was at work at a department store in
Monroe, Louisiana, some 320 miles away from The Highlands, Texas.  As evidence,
he offered a timecard purporting to show he clocked-in at work at 9:02 a.m. on
October 9, 2006.  

            Appellant also
presented testimony from his mother and grandmother in support of his alibi. 
His mother testified he lived with her and that she usually took him to work
during October 2006, although she could not remember many details about October
9, the day the robbery occurred.  His mother and grandmother also testified the
trip from Houston to Monroe took six and one-half hours to drive at sixty-five
miles per hour, with two or three bathroom breaks.  In response, the State
argued it was not impossible for appellant to have left Houston at 4:30 a.m.
and arrived in Monroe at 8:30 a.m. if he drove the 320 miles at approximately 80
miles per hour.  In addition, the prosecution noted that the timecard may have
been punched without the physical presence of the Appellant.

            The jury
convicted appellant of aggravated robbery and sentenced him to thirty years’
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  On appeal, he contends (1) the evidence identifying him as the robber
was legally and factually insufficient in light of his alibi evidence and (2)
the trial court erred in making an affirmative finding that he used a deadly
weapon while committing the offense.

 

II.   Discussion

A.   Sufficiency of
the Evidence

In his first
and second issues, appellant challenges the legal and factual sufficiency of
the evidence supporting his conviction.  We disagree.

i.  
Legal Sufficiency of the Evidence

In a
legal sufficiency review, we consider all of the evidence in the light most
favorable to the verdict and decide whether a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  Reed
v. State, 158 S.W.3d 44, 46 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d).  We may not substitute our judgment for the jury’s, and will not engage
in a reexamination of the weight and credibility of the evidence.  Id.; Brochu
v. State, 927 S.W.2d 745, 750 (Tex. App.—Houston [14th Dist.] 1996, pet.
ref’d).  Because we consider the evidence in the light most favorable to the
jury’s verdict, we must disregard appellant’s alleged alibi evidence and focus
instead on the evidence supporting the conviction to determine whether it is
legally sufficient.  See Reed, 158 S.W.3d at 46.

Identification
by only one eyewitness can be legally sufficient evidence to support a
conviction.  Walker v. State, 180 S.W.3d 829, 832 (Tex. App.—Houston [14th
Dist.] 2005, pet. ref’d).  Here, both the complainant and Gary, on separate
occasions, identified appellant from a photo array as the man who committed the
robbery.  Moreover, the complainant testified she recognized appellant as the
robber because he was a member of the Green Room and she had seen him there on
at least two prior occasions.  Based on this evidence, we hold a rational trier
of fact could have found beyond a reasonable doubt that appellant was the man
who robbed the Green Room. See Reed, 158 S.W.3d at 46; Walker,
180 S.W.3d at 832.

ii.  
Factual Sufficiency of the Evidence

Unlike a
legal sufficiency review, when conducting a factual sufficiency review, we
review all of the evidence in a neutral light.  Reed, 158 S.W.3d at 46. 
We set aside the verdict only if (1) the proof of guilt is so weak that the
verdict must be clearly wrong and manifestly unjust, or (2) the proof of guilt,
although legally sufficient, is greatly outweighed by contrary proof.  See
Vodochodsky v. State, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005).  Because
the jury is in the best position to evaluate the credibility of the witnesses,
we must afford appropriate deference to its conclusions.  Pena v. State,
251 S.W.3d 601, 609 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d); Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  A decision is not
manifestly unjust simply because the jury resolved conflicting views of the
evidence in favor of the State.  Cain v. State, 958 S.W.2d 404, 410
(Tex. Crim. App. 1997).

Appellant
argues the evidence is factually insufficient because the State did not prove
his fingerprints or DNA were found at the scene.  Nevertheless, DNA evidence,
while helpful, is not a necessity when other evidence, like eyewitness
testimony, establishes the defendant’s guilt.  See Harmon v. State, 167
S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d); Santos v.
State, 116 S.W.3d 447, 459 (Tex. App.—Houston [14th Dist.] 2003, pet.
ref’d).

Appellant
also offered his own testimony denying (1) he answers to the name “Kenny,” (2) he
knows the man with whom he allegedly robbed the Green Room, and (3) he is
acquainted with the woman with whom he was said to have frequented the Green
Room.  Further, he presented alleged alibi evidence consisting of (1) a
timecard that had been time-stamped at 9:02 a.m. in Monroe, Louisiana, some 320
miles away from Houston, Texas, (2) his mother’s testimony that she remembered
taking him to work that day, and (3) testimony from his mother and grandmother
that the Houston-to-Monroe car trip takes six and one-half hours with two or
three bathroom breaks.  

However,
the jury may exercise its discretion to determine whether the testimony of
three interested witnesses was credible.  As the sole judge of the witnesses’
credibility, the jury can accept or reject competing theories of a case and
choose to believe all, some, or none of the testimony presented by the
parties.  See Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim. App.
2001); Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). 
The jury could have disregarded the evidence appellant presented because he
offered no corroborating evidence confirming his employment or his claim that
he was the person who actually clocked in at 9:02 a.m.  Alternatively, the jury
could have accepted the State’s contention that appellant committed the crime
and still clocked-in in Monroe at 9:02 a.m., a suggestion that might explain
why he arrived more than an hour late for a shift his mother claimed started at
8:00 a.m.

The
State also produced eyewitness testimony from two persons, Gary and the
complainant, who connected appellant with the crime.  The jury apparently found
their testimony credible and accepted the State’s theory of the case.   We must
defer to the jury’s conclusions.  See Pena, 251 S.W.3d at 609.  Thus, viewing
the evidence in a neutral light, the proof of guilt is not so obviously weak as
to be clearly wrong and manifestly unjust, and the proof of guilt is not greatly
outweighed by contrary proof.  See Vodochodsky, 158 S.W.3d at 510. 
Accordingly, we overrule appellant’s first and second issues.

B.   Deadly Weapon
Finding

In his
third issue, appellant contends the trial court erred in making an affirmative finding
that he used a deadly weapon, specifically a firearm, while committing the
offense.  Where use of a deadly weapon is an element of the offense, the State
automatically carries the burden of proving the defendant knew a weapon would
be used or exhibited in the commission of the offense.  Sarmiento v. State,
93 S.W.3d 566, 570 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d).  However,
where the use of a deadly weapon is charged as an element of the offense and
the jury finds the defendant guilty as charged, it may be concluded the jury necessarily
made the factual finding to support the entry of an affirmative finding that
the defendant used or exhibited a deadly weapon.  See id.

In Sarmiento,
the jury convicted the defendant of aggravated robbery but did not make an
affirmative finding that the defendant used a deadly weapon or knew a deadly
weapon would be used.  Id. at 567.  However, since the defendant’s use
of a deadly weapon was an element of the offense charged in the indictment, we
held the jury necessarily made an implicit finding because to find the
defendant guilty, even as a party, it must have concluded he knew a deadly
weapon would be used or exhibited while he committed the offense.  Id. at
569, 570.  

Here,
the State charged appellant with aggravated robbery and alleged use of a deadly
weapon.  Therefore, the jury could not have convicted appellant of aggravated
robbery, even as a party, unless it found his participation in the offense was
accompanied by the intent to promote or assist the commission of the offense.  See
Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 2003).   Use of a deadly weapon is
an element of the offense.  Consequently, before the jury could have convicted appellant,
it also must have believed, beyond a reasonable doubt, he knew a deadly weapon
would be used in the commission of the offense.  See Sarmiento, 93
S.W.3d at 570.  Thus, by its verdict, the jury necessarily made an implicit
finding to support entry of an affirmative finding that appellant used or
exhibited a deadly weapon.  See id.  Accordingly, we overrule appellant’s
third issue.  

III.   Conclusion

            Having overruled all of appellant’s issues, we
affirm the judgment of conviction.








 

 

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).