In re COMMITMENT OF Charles Edward WILSON.

No. 09–09–00278–CV.

Court of Appeals of Texas, Beaumont.

Submitted May 20, 2010.

Decided May 27, 2010.

Dina F. Hardwick, State Counsel for Offenders, Huntsville, for appellant.

Melinda Fletcher, Special Prosecution Unit, Amarillo, for appellee.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

A jury determined that Charles Edward Wilson is a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003 (Vernon 2003). The trial court signed a judgment and order of civil commitment. In a single appellate issue, Wilson argues the trial court erred in overruling his *Batson* challenge. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *see also Davis v. Fisk Elec. Co.,* 268 S.W.3d 508, 510–11, 518 (Tex.2008); *Goode v. Shoukfeh,* 943 S.W.2d 441, 445 (Tex.1997). Considering the required deference to be given to the trial court's ruling, we conclude no error regarding the challenge supports a reversal of the trial court's judgment. Accordingly, we affirm the judgment.

## THE LAW

In *Batson,* the United States Supreme Court held that the Equal Protection Clause of the United States Constitution is violated if prospective jurors are excluded from service on the base of ethnicity or race. *Batson,* 476 U.S. at 86, 89, 106 S.Ct. 1712; *see also Rivera v. Illinois,* —— U.S. ——, ——, 129 S.Ct. 1446, 1451, 173 L.Ed.2d 320 (2009). The Supreme Court extended this holding to civil cases. *Edmonson v. Leesville Concrete Co.,* 500 U.S. 614, 616, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). The exclusion of even one juror for prohibited reasons invalidates the entire jury-selection process. *See Snyder v. Louisiana,* 552 U.S. 472, 478, 128 S.Ct. 1203, 170 L.Ed.2d 175 (2008) (citing *United States v. Vasquez–Lopez,* 22 F.3d 900, 902 (9th Cir.1994)); *Moeller v. Blanc,* 276 S.W.3d 656, 659 (Tex.App.-Dallas 2008, pet. denied).

We review a trial court's *Batson* ruling under an abuse of discretion standard. *Davis,* 268 S.W.3d at 515. In *Davis,* the Texas Supreme Court explained that a trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.* In *Goode,* the Court also noted that, with regard to questions of fact, the standard is similar to, although not identical to, the federal "clearly erroneous' standard." *Goode,* 943 S.W.2d at 450; *cf. Hernandez v. New York,* 500 U.S. 352, 369, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (holding that the finding of the trial court will not be disturbed unless the appellate court is left with a definite and firm conviction that a mistake has been committed). Determinations of credibility and demeanor in the *Batson* review lie within a trial judge's province. *Snyder,* 552 U.S. at 477, 128 S.Ct. 1203. As the Court of Criminal Appeals has stated, "The trial court's determination is accorded great deference and

will not be overturned on appeal unless it is clearly erroneous." *Williams v. State,* 301 S.W.3d 675, 688 (Tex.Crim.App.2009).

In the *Batson* context, we consider "all of the circumstances that bear upon the issue of racial animosity[.]" *Snyder,* 552 U.S. at 478, 128 S.Ct. 1203 (citing *Miller–El v. Dretke,* 545 U.S. 231, 239, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005)); *Moore v. State,* 265 S.W.3d 73, 89–90 (Tex. App.-Houston [1st Dist.] 2008), *pet. dism'd, improvidently granted,* 286 S.W.3d 371 (Tex.Crim.App.2009). The defendant must prove by a preponderance of the evidence that the allegations of purposeful discrimination were true in fact and that the prosecutor's stated reasons were merely a pretext or sham. *See Watkins v. State,* 245 S.W.3d 444, 447, 452 (Tex.Crim.App.2008).

### BATSON CHALLENGE

In evaluating a *Batson* challenge, the trial court follows a three-step process. *See Batson,* 476 U.S. at 93–98, 106 S.Ct. 1712; *Goode,* 943 S.W.2d at 445–46; *see also Williams,* 301 S.W.3d at 688. First, the party challenging the strike must make a prima facie showing that the other party has used a peremptory challenge to remove a potential juror on the basis of race. *Batson,* 476 U.S. at 93–94, 106 S.Ct. 1712; *Goode,* 943 S.W.2d at 445. If this showing is made, the burden then shifts in the second step to the striking party to come forward with a race-neutral explanation for the challenged strike. *Batson,* 476 U.S. at 97–98, 106 S.Ct. 1712. At the third stage of the process, the trial court determines "if the party challenging the strike has proven purposeful racial discrimination, and the trial court may believe or not believe the explanation offered by the party who exercised the peremptory challenge." *Goode,* 943 S.W.2d at 445–46. "[T]he issue of whether the race-neutral explanation should be *believed* is purely a question of fact for the trial court." *Id.* at

446 (citing *Hernandez,* 500 U.S. at 364, 367, 111 S.Ct. 1859.).

### APPLICATION OF LAW TO FACTS

Because the issue of whether Wilson established a prima facie case is unchallenged, our review begins with the second step of *Batson.* We determine whether the State presented a race-neutral explanation for its peremptory strike of venireman 25. *See Batson,* 476 U.S. at 97–98, 106 S.Ct. 1712. "*Batson* requires a 'clear and reasonably specific explanation' of the legitimate reasons for a strike, . . . and merely stating that a juror nonverbally 'reacted' is insufficient." *Davis,* 268 S.W.3d at 519 (quoting *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 258, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). The record reveals that the State offered a specific race-neutral explanation on the record: the venireman was inattentive and unresponsive, did not make eye contact, did not want to listen to what the State's attorney was saying, and was looking around the room.

In the third step, we consider whether Wilson met his burden of proving purposeful racial discrimination. *See Goode,* 943 S.W.2d at 445–46; *see also Rice v. Collins,* 546 U.S. 333, 336–42, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006) (discussion of evidence of juror's purported eye-rolling, her youth, lack of ties to community, gender, and conclusion that defendant did not carry burden of proving purposeful racial discrimination). Wilson argues the State waived any claim of a racially neutral reason for striking venireman 25, because the State did not specifically question number 25 and did not object to Wilson's *Batson* challenge. The State followed the *Batson* procedure by offering the race-neutral explanation required by step two. The lack of specific questions directed to a venireman is a factor to be weighed in evaluating the explanation, but the failure

to specifically question a venireman does not constitute waiver of the State's explanation. *See Daniels v. State,* 768 S.W.2d 314, 318 (Tex.App.-Tyler 1988, pet. ref'd) (citing with approval a case holding that "[n]o examination or only perfunctory examination of the challenged juror was one of five factors held to weigh heavily against the legitimacy of a purportedly race-neutral explanation"); *see also Davis,* 268 S.W.3d at 517, 519 (Failure to question the venireman about his purported nonverbal reaction suggests that his reaction had little to do with the strike.).

Although the State's attorney did not direct any questions to number 25, she did specifically describe the conduct on which her strike was based. Another attorney for the State indicated she and several other attorneys observed and discussed the inattentiveness and non-responsiveness. The record contains evidence of the juror's conduct. *See Tate v. State,* 939 S.W.2d 738, 745 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd), *overruled on other grounds by Sarmiento v. State,* 93 S.W.3d 566 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd) (trial court in best position to observe prospective juror's demeanor and to determine the credibility of prosecutor's explanation). The State argues that it treated number 25 no differently from number 24, who was struck for the same reason—inattentiveness.

■ "Peremptory strikes may legitimately be based on nonverbal conduct, but permitting strikes based on an assertion that nefarious conduct 'happened,' without identifying its nature and without any additional record support, would strip *Batson* of meaning." *Davis,* 268 S.W.3d at 518. "Verification of the occurrence may come from the bench if the court observed it; it may be proved by the juror's acknowledgement; or, it may be otherwise borne out by the record as, for example, by the detailed explanations of counsel." *Id.*

The State's attorney gave a specific explanation of why she struck venireman 25. The defense counsel indicated he did not see number 25 being inattentive. Defense counsel also stated number 25 did not say anything, but he was not directly asked anything; defense counsel stated number 25 lifted up his card when some questions were asked, and stated number 25 was not asleep. The State's attorney stated she did not see number 25 raise his juror card. The trial court resolved the factual disputes and obviously believed that the State exercised the peremptory challenges for the reasons stated. The record does not indicate that the trial court's ruling was an abuse of discretion.

■ "[N]either [*Batson* nor *Snyder*] held that a demeanor-based explanation for a peremptory challenge must be rejected unless the judge personally observed and recalls the relevant aspect of the prospective juror's demeanor." *Thaler v. Haynes,* —— U.S. ——, ——, 130 S.Ct. 1171, 1174, —— L.Ed.2d —— (2010). When a party offers a facially race-neutral explanation, a reviewing court does not reweigh the evidence and reach a conclusion different from that of the trial court unless the explanation offered is "too incredible to be believed." *Goode,* 943 S.W.2d at 448. Based on a review of the record, and giving the required deference to the trial court's ruling, we conclude that the State provided facially race-neutral explanations for its use of the peremptory challenge on venireman 25, and that Wilson did not carry his burden to show that the stated reasons were pretextual. Wilson's appellate issue is overruled. The judgment is affirmed.

AFFIRMED.